# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1880.

## FREDERIC S. BAIRD
### v.
## HENRY M. HOOKER

1. SALE UPON CREDIT OF THIRD PERSON—ENTRY UPON BOOKS OF VENDOR.—Where a plaintiff claims that the sale was made upon the credit of a third person, the fact, unexplained, that the goods were charged to the person to whom they were delivered, is entitled to some weight, as going to show that credit was in fact given to the latter instead of to the defendant, as claimed by plaintiff, but such fact is not conclusive.

2. BOOKS OF PLAINTIFF IN EVIDENCE.—Admission of the plaintiff's books in evidence, to prove delivery, amount and price of the goods, there being no sufficient ground laid for their admission, is error, but all these facts having been proved by evidence *aliunde*, it is not such error as will reverse.

3. VENDOR NOT BOUND TO SEE TO APPLICATION OF GOODS.—If the defendant agreed to pay for all the paints plaintiff might deliver to B and C— they then being engaged in building a house for the defendant—it is no defense that some of the paints may not have been used upon defendant's house; the plaintiff is not bound to follow the goods and see where they were used.

4. SECONDARY EVIDENCE.—There was no error in rejecting the offered testimony of a witness as to the contents of a writing claimed to have been brought to defendant by plaintiff, there being no proof of the loss of the original writing or defendant's inability to produce it.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed February 8, 1881.

Mr. F. S. Baird, *pro se*; that it was error to admit the books of account of plaintiff in evidence, cited Rev. Stat. 1872, Chap. 51, § 3; Pres. Church v. Emerson, 66 Ill. 269 ; Ruggles v. Gatton, 50 Ill. 412.

Mr. Edwin F. Bayley, for appellee; that the account books of plaintiff were properly admitted in evidence, cited 1 Greenleaf's Ev. § 116; Boyer v. Sweet, 3 Scam. 120; Humphreys v. Spear, 15 Ill. 275; Taliaferro v. Ives, 51 Ill. 247.

The credit was given to appellant, and notwithstanding they may have been charged to another, yet if he promised to pay for them, the plaintiff was entitled to recover: Owen v. Stevens, 78 Ill. 462; Schoenfeld v. Brown, 78 Ill. 487.

Bailey, J. Hooker sued Baird before a justice of the peace of Cook county, and recovered a judgment for $200 and costs. On appeal to the circuit court, a trial was had before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for the same amount. From this judgment Baird has appealed to this court.

The suit was brought to recover the price of certain paints, etc., delivered by Hooker to Burger & Coon, who at the time were engaged in erecting a house for Baird. Hooker claims that said goods were delivered to Burger & Coon on the credit of Baird, and on his oral agreement to pay for them, entered into before their delivery. Baird denies the making of such an agreement, and also sets up and relies upon the Statute of Frauds.

As to whether said contract was made, the evidence is conflicting, the testimony of Hooker and Baird being directly contradictory. Counsel for the defendant urges upon our attention certain circumstances appearing in evidence, which, as he claims, corroborate the testimony of the defendant and dispute that of the plaintiff, the most significant of these being, that on the plaintiff's books the goods sold appear charged to Burger and Coon. This circumstance, undoubtedly, if unexplained, would be entitled to considerable weight, though it would be by no means conclusive. Some explanation, however, is furnished by

the evidence of the plaintiff's book-keeper, by whom the entries were made, who testifies that at the time the goods were sold, he understood that they were for the defendant, and were to be paid for by him, but that he charged them to Burger & Coon because they were delivered to them, that being his practice in such cases. After considering all the circumstances in proof tending to corroborate the respective witnesses, we are not prepared to say that there is any such clear and manifest preponderance of the evidence in favor of the defendant as would justify us in setting the verdict aside, for that reason.

It is urged that the court erred in admitting in evidence the plaintiff's books of account. We are inclined to the opinion that no sufficient foundation was laid for the admission of these books, and could we find that the defendant had been in any degree prejudiced thereby, we might feel compelled to reverse the judgment on that ground. The only purpose for which the plaintiff produced the books in his own behalf, was to prove the delivery of the goods, their amount and price. But, independently of the books, these facts were distinctly and fully proved by the plaintiff's oral testimony, and on these questions there was no conflict in the evidence. The books only tended to prove facts which had already been fully proved by evidence *aliunde*, and we are therefore unable to see how the defendant could have been prejudiced by their admission.

It is further urged that the damages are excessive, because the evidence fails to show that all the goods delivered by the plaintiff to Burger & Coon were in fact used in the defendant's building. That the full amount of goods for which the plaintiff has recovered were delivered, cannot, under the evidence, be disputed. By the terms of the contract, as proved by the plaintiff, it was not incumbent upon him to see to it that the goods were actually used in the building. He testifies that he went to Baird's office and told him that Burger and Coon had been to his store, saying that they were putting up a building for Baird, and wanted to get paints, etc., for the same, and have him take Baird for pay ; that he told them

Baird v. Hooker.

that if Baird would agree to pay for them, he would let them have goods ; that Baird then told him that he would see him paid for any goods he might deliver to them ; that on the strength of this promise he delivered to them goods to the amount of $201.99.    By this agreement the plaintiff was not bound to follow the goods and see that they went into the defendant's house, but the instant they were delivered to Burger & Coon the liability of the defendant therefor became fixed.

Complaint is made of the ruling of the court, excluding certain evidence offered by the defendant. The record shows that he offered to prove by a witness that some time after the delivery of the goods the plaintiff brought to the defendant's office a bill against Burger & Coon for paint, etc., on which was written in lead pencil, at the bottom, an order on the defendant, signed by Berger & Coon, ordering the defendant to pay the plaintiff $135 on the bill out of the last money in his hands due them on the contract, and charge the same to them. This evidence being objected to by the plaintiff, was excluded. The defendant here sought to prove by the testimony of a witness the contents of a writing not produced. Before he could be permitted to give secondary evidence of the contents of the writing, he should have laid a proper foundation, by showing the loss of the original, or his inability to produce it. No such evidence was offered. So far as appeared, the writing may have been in the possession of the defendant or under his control. True, he served a subpœna *duces tecum* on the plaintiff and his attorney, requiring them to produce the paper, but it was not shown that it was in their hands, nor did the defendant call for its production, or in any way attempt to ascertain whether the subpœna had been obeyed, before offering secondary evidence of the paper. We think the court decided correctly in excluding the evidence.

We think the case was fairly submitted to the jury by the instructions, and as we perceive no material error in the record, the judgment will be affirmed.

Judgment affirmed.