(February 23, 1885.)

## MILLS v. GLENNON.

[6 Pac. 116.]

ACTION ON ACCOUNT.—In an action for a balance of account on a general account for labor done, money paid and goods sold it is not necessary to set forth in the complaint the amount of each separate item.

SAME.—The account constitutes but one cause of action and the statement of general balance due is sufficient.

VOID SALE—MORTGAGED CHATTELS—EVIDENCE—ORAL CONSENT TO SALE.—Under the statutes of Idaho making the willful sale of property upon which there is a chattel mortgage, without the written consent of the mortgagee, larceny, and declaring the sale void, evidence of an oral consent of the mortgagee to the sale of such property is admissible in evidence to explain the intention of the mortgagor in making such sale.

SECONDARY EVIDENCE—TRANSCRIPT OF LOST ACCOUNT-BOOK.—True and correct transcripts or original account-books with *aliunde* as to the items thereof may be admitted in evidence when the original books have been accidentally destroyed by fire.

(Syllabus by the court.)

APPEAL from District Court, Boise County. Remanded with instructions to modify judgment.

George Ainslie and James H. Hawley, for Appellants.

The court erred in overruling defendants' demurrer to the complaint. The common counts cannot all be united in one count as one cause of action, without any specification of the sums due upon each cause. (*Buckingham v. Waters,* 14 Cal. 147; *McCarty v. San Francisco etc. R. R. Co.,* 41 Cal. 17; *White v. Cox,* 46 Cal. 169.) A complaint for money had and received which fails to allege a demand is bad on demurrer. (*Greenfield v. Steamer Grinnell,* 6 Cal. 68.) The court erred in admitting in evidence plaintiff's books of account. To be admissible, they must be the original books and not copies, and the entries must have been made contemporaneous with the delivery of the goods, and by the person whose duty it was to make them. (1 Greenleaf on Evidence, p. 173, and following sections 117-120, and notes 4 on pp. 173 and 174, and 1

and 1, pp. 174 and 175; also pp. 176 and 177.)   Where a chattel mortgage is given on personal property, the legal title to the property vests in the mortgagee, and no sale of such property by the mortgagor is valid unless the mortgagee consents in writing to such sale, and the admission of verbal consents by one of the mortgagees is contrary to law.   (Idaho Gen. Laws, 11th Sess., 1880-81, p. 307, title, "Chattel Mortgages," sec. 8; Jones on Chattel Mortgages, secs. 426, 699, 700.)   And the mortgagee may maintain trespass or trover for the goods against anyone who takes or converts them, etc., even against the mortgagor himself after a forfeiture.   (Jones on Chattel Mortgages, secs. 442, 444, 446-448, 706; *Heyland v. Badger,* 35 Cal. 404; *Wright v. Ross,* 36 Cal. 414.)   And in a proceeding to foreclose, the mortgage lien will be enforced against those holding under the mortgagor with record notice.   (*Apperson v. Moore,* 30 Ark. 56, 21 Am. Rep. 170; *Arques v. Wasson,* 51 Cal. 620, 21 Am. Rep. 718; Jones on Chattel Mortgages, secs. 454, 460, 466, 484.)   Parol evidence is inadmissible if it contradicts the the terms of the mortgage.   (*Jungeman v. Bovee,* 19 Cal. 355; *Bowman v. Ainslie,* 1 Idaho, 644; *Vincent v. Larson,* 1 Idaho, 241.)

Huston & Gray and Prickett, for Respondents.

The books of account were properly admitted; it was the best evidence, and was explained by the testimony.   (*Severance v. Lombardo,* 17 Cal. 57.)   All the acts of the mortgagor in relation to the sale were within his knowledge, and were, and still are, acquiesced in by him.   The vendee has been in no way damnified.   His title to the property in his possession, nor his right to possession have never been questioned.   Where, then, we ask, is the ground, upon which he asks to have the sale invalidated?   Why, simply that the consent of the mortgagee to the sale was not in writing.   We cite the following authorities in support of our position: Jones on Chattel Mortgages, secs. 456, 457, 660, 661; *Pratt v. Maynard,* 116 Mass. 388; *Stafford v. Whitcomb,* 8 Allen, 518; *Gage v. Whittier,* 17 N. H. 312; *Patrick v. Miserve,* 18 N. H. 300; *Brandt v. Daniels,* 45 Ill. 453. Although a sale of the mortgaged property by the mortgagor without the consent in writing of the mortgagee be prohibited

by statute.  (Jones on Mortgages, sec. 486; *Gage v. Whittier,*
17 N. H. 312; *Roberts v. Crawford,* 54 N. H. 532.)   The au-
thority in the mortgagor may be inferred.   Such authority de-
pends upon the intent of the parties.   (Jones on Chattel Mort-
gages, sec. 457.)   The sale of the mortgaged property by the
mortgagor with the mortgagee's consent discharges the mort-
gage lien thereon.   (Jones on Chattel Mortgages, sec. 661;
*Conkling v. Shelley,* 28 N. Y. 360, 84 Am. Dec. 348; *Brandt v.
Daniels,* 45 Ill. 453; Jones on Chattel Mortgages, sec. 465.)

BUCK, J.—This action sets forth in the complaint two
causes of action: 1. A balance on account; and 2. Damages
for breach of contract.   It was tried by the court at the August
term of the district court, 1884.   Judgment was rendered for
the plaintiff for the sum of $1,638.79.   The defendants made
a motion for a new trial, which was overruled; and from the
order overruling the same, and from the judgment, take this
appeal, and bring the cause to this court upon a statement of
the case.

The first assignment of error is that the court erred in over-
ruling the demurrer to the complaint.   The demurrer is both
general and special, but the attorney urged upon the argument
but one objection, namely, that in the first count in the com-
plaint several causes of action are improperly united, and that
the same is ambiguous and uncertain, and mixed together
without any statement or averment of the amount claimed to
be due on each one separately.   That portion of the complaint
objected to for these reasons is as follows: "That the said de-
fendants are indebted to the said plaintiff in the sum of
$420.11, for balance of account for money loaned, services per-
formed by plaintiff for defendants, for grain and various
articles of farm produce, and for money paid for defendants'
use—the whole done, furnished, and performed at the request
of the defendants between January 1, 1881, and April 1, 1884;
that the whole aggregate value of which items is the sum of
$1,043.73, no part of which has been paid, except $623.65, the
said balance of $420.11 still being unpaid."   The objection to
this pleading set out in appellants' brief and urged in the argu-
ment, is "that the common counts cannot all be united in one
count as one cause of action without any specification of the

sums due upon each cause." Section 231 of the Code of Civil
Procedure provides that several causes of action may be united
in the same complaint, in several instances specified therein.
Among these are causes arising upon contract, express or im-
plied; but the several causes must be separately stated. The
allegation objected to set out a balance of account, specifying,
by brief mention, the character of the different items compos-
ing the account. Section 251 of our code provides as follows:
"It is not necessary for a party to set forth in a pleading the
items of an account therein alleged, but he must deliver to the
adverse party, within ten days after demand thereof, in
writing, a copy of the account, or be precluded from giving
evidence thereof. The court or judge thereof may order a
further account when the one delivered is too general, or is
defective in any particular." This provision was evidently in-
tended to relieve the pleader from the necessity of specifying
the exact amount of each separate item, and amply protects the
adverse party from surprise at the trial. The *gravamen* of the
allegation is the failure of the defendants to pay the balance
alleged to be due on the account. We think it constitutes but
one cause of action, and was well pleaded. (1 Estee on Plead-
ing and Practice, 1st ed., 374, note 5, and cases cited; *Guern-
sey v. Carver,* 8 Wend. 493, 24 Am. Dec. 60, and note; *Stevens
v. Lockwood,* 13 Wend. 645, 28 Am. Dec. 492, and note.)

The objection to the second count of the complaint was
waived on the argument. The assignment of errors brings up
two important questions of evidence. The first is an excep-
tion to the ruling of the court in admitting oral evidence of
the consent of the mortgagee of a chattel mortgage to the
transfer of the mortgaged property by the mortgagor. General
Laws of Idaho, eleventh session, 1880-81, page 307, title
"Chattel Mortgages," is as follows: "If the mortgagor of any
property mortgaged in pursuance of the provisions of this act
shall, while such mortgage remains unsatisfied in whole or in
part, willfully remove from the county or counties where the
mortgage is recorded, destroy, conceal, or sell, or in any
manner dispose of the property mortgaged or any part thereof,
without the written consent of the owner of such mortgage, he
shall be deemed guilty of larceny, and upon conviction shall be

punished accordingly, and any such sale or transfer shall be void."

It is claimed by the appellants that under this enactment, under no circumstances, can oral evidence be admitted to justify a sale of mortgaged property, and that every such sale without the written consent of the mortgagee is void. A critical examination of the law will, we think, lead to a different conclusion. It is not every sale that becomes void. To thus avoid a sale it must be willfully done. In law "willfully" has a well-defined signification. Bouvier says it has been decided that "maliciously" is its equivalent. This term implies not merely voluntarily or intentionally, but "legal malice"; an evil intent without "justifiable excuse," with "a bad purpose," "corruptly."

The evident intent of the legislature in this enactment is to protect the mortgagee against the transfer of the mortgaged property with the corrupt purpose of destroying his security. When such a transfer is made he may disregard the transaction as void and take possession of the property. In the case at bar the validity of the sale is called in question by the vendee as against the vendor. The mortgagees are not objecting to it. The evidence objected to is as to the oral consent of the mortgagees to the transfer. In this instance there were two mortgagees. If the oral consent of one or both of these were given to the sale, it would be competent evidence to show the motive of the mortgagor in making the sale. It is claimed that the interests of the mortgagees were entirely distinct, and that one had no right to consent for the other. This might be true and yet the mortgagor might have supposed that one was authorized to speak for both; and under such supposition, honestly entertained, he could hardly be charged with a bad intent. We think this evidence was properly admitted. (Jones on Chattel Mortgages, secs. 455-465; *Stafford v. Whitcomb,* 8 Allen, 518; *Gage v. Whittier,* 17 N. H. 312.)

The second objection to the evidence is to the ruling of the court admitting plaintiffs' books of accounts. The plaintiff testified that his original books of account had been consumed in a fire that destroyed his house; that the book presented contained a copy of the original entries transferred by himself,

sometimes once a week and sometimes once a month. No objection was urged upon the trial or in the argument as to the admission of the original books, had they been in existence. The only point raised and argued was as to the competency of this evidence; the original having been burned, and the book presented being a true copy thereof. No authorities were cited upon the briefs, nor in the oral argument of counsel. We find, however, in 4 Mass. 455, Sewall, J., lays down the following proposition in the case of *Prince v. Smith,* in which the original books had been burned: "If the proof in this case had tended to show that the items of this account had actually existed in the original books, and the transcript offered had been truly taken therefrom, I should have no doubt of the admissibility of a transcript, thus compared and proved, upon the ground of necessity, and that it was the best evidence which the case admitted, under all the circumstances." In the cases cited, these preliminary proofs were not given, and the ruling of the court in admitting the books was, for that reason, reversed. In the case at bar, these preliminary conditions being conceded, and the only point made being as to whether copies thereof could ever be admitted, we see no error in the court, under the authority cited, in admitting them.

A careful analysis of the evidence, however, shows that there were no items disputed in the account of plaintiff upon which evidence was not given, for and against, by living witnesses at the trial. Indeed, the record does not show that the account-book of plaintiff was in fact ever actually admitted. On the contrary, an inspection of the records indicates that it was used by the plaintiff as a memorandum from which to refresh his memory, and the disputed items seem to have been supported by evidence of witnesses at the trial. It is stated in *Baird v. Hooker,* 8 Ill. App. 306, "that where books of account are improperly admitted at a trial it is not such error as will reverse, if the facts have been proved by evidence *aliunde.*"

We see no error in the admission of evidence which will justify a reversal of the judgment.

The appellants assign as error the amount of damages allowed, against the findings. An inspection of the evidence shows that twenty-two thousand nine hundred and fifty-one

pounds of the grain in question were actually turned over by defendants to the mortgagors, Danski and Haug, and at the time of the trial was held by them under the mortgage. The contract price, therefore, was two and one-half cents per pound. The account of defendants for hauling said grain from Garden Valley to Idaho City was one cent per pound, as testified to by defendants, and undisputed by plaintiff. We think the judgment should be modified by deducting from the amount thereof the value of said grain and freight, amounting to $802.88.

The cause is remanded, and the court directed to modify the judgment in accordance with this opinion; costs of appeal to be equally divided between parties.

Morgan, C. J., and Broderick, J., concurring.