M. Henry Martuscello, J.
This is a motion, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss each of the three causes of action in the third amended complaint on the ground that said causes of action are insufficient in law, or in the alternative, to strike out certain matter from each pursuant to rule 103, on the ground that such matter is sham, frivolous, etc., and with respect to the first cause of action, to require plaintiff to separately state and number causes of action claimed to be improperly commingled in paragraph 21-d of said complaint.
The first cause of action is for damages for malicious interference by defendants with plaintiff’s rights under a valuable Government construction contract. It is alleged that the defendants conspired together to bring this about and that they succeeded in such design to plaintiff’s damage.
It has been held that malicious interference with contract rights by a third person or persons whereby a party to the contract sustains damages is a recognized legal wrong. (Hornstein v. Podwitz, 254 N. Y. 443.) As pointed out in the cited case (254 N. Y. 443, 448), the term “ malicious ” “ ‘ does not necessarily mean actual malice or ill-will, but the intentional doing of a wrongful act without legal or social justification.’ ” The opinion in the Hornstein case states further, “ The action is predicated on the intentional interference without justification with contractual rights, with knowledge thereof. Such interference constitutes a legal wrong, and if damages result therefrom a valid cause of action exists therefor.”
Defendants correctly argue that the conspiracy allegations herein serve merely to link the defendants named and that the gravamen of the cause of action attempted to be pleaded must be found by the actionable wrongs, if any, shown by the acts alleged to have been done. In this respect the complaint leaves much to be desired insofar as clarity is concerned. Nevertheless, giving the pleader the benefit of permissible inference to which he is entitled I am of the opinion that there is presented a residue of acts intentionally done by defendants in aid of the alleged conspiracy and that defendants can obtain such elaboration thereon as they require by way of a bill of particulars. *146 Accordingly, the motion to dismiss the first canse of action is denied.
The alternative phase of the motion, which is to strike out certain portions of the first cause of action pursuant to rule 103 of the Rules of Civil Practice, is also denied. Defendants seek to have stricken from paragraph 15 the words ‘‘ and at Ft. Dix, New Jersey,” urging that in paragraph 18 plaintiff discloses that its subcontracts were for work at Watertown, New York. Plaintiff’s main contract with the Government, as alleged, was for work both at Watertown and at Ft. Dix, and defendants’ alleged wrongful acts against it could have caused a cancellation of such main contract even though the subcontractors’ acts were confined to the Watertown work. The remaining allegations sought to be stricken plead the scope, purpose and effect of defendants’ alleged wrongful acts.
Defendants finally seek as to this cause of action, that plaintiff be directed to plead as a separate cause of action the facts alleged in paragraph 21-d, urging that the allegation therein made is an attempt to set forth a possible claim based upon libel or slander. I am of the opinion, however, that said allegation concerns facts which could show one of a chain of acts wrongfully done, as plaintiff pleads it, to bring about a termination of plaintiff’s contract. Under the circumstances this phase of the motion is also denied.
The second cause of action, which defendants also attack as insufficient in law, seeks damage for an alleged conversion by defendants of certain office furniture, fixtures, building equipment, building materials, etc., in plaintiff’s leased premises at the Watertown job site. As to these items plaintiff pleads that it was “ the owner and is entitled to immediate possession.” Defendants complain of plaintiff’s failure to plead how such “ conversion ” was accomplished, and also of plaintiff’s failure 1 ‘ to state with reasonable certainty the property alleged to have been converted ’ ’ and the ‘ ‘ value ’ ’ thereof. I am of the opinion that said cause as pleaded is sufficient and that the matters defendant complains of are obtainable by way of a bill of particulars. .Accordingly, this branch of the motion is denied.
As to the alternative application to strike out from the second cause of action those portions of paragraph 26 which incorporate by reference paragraphs 15, 16, 17, 18 and 19 of the first cause of action, same- is granted since the aforesaid incorporated paragraphs are not relevant to the conversion averments.
The third cause of action, which defendants also seek to have dismissed as insufficient in law, is also in conversion, plaintiff alleging that the defendants converted “ certain monies which *147 was rightfully due to the plaintiff for certain change orders issued by the said Corps in the sum of $40,498.00 in the Water-town contract also that “ certain monies which was rightfully due to the plaintiff cor certain work performed in the amount of some $150,000.00 on the Watertown contract.” It is not alleged that such moneys so converted were in specific tangible funds of which plaintiff was the owner and entitled to immediate possession. The only fair inference to be adduced from the pleading is that plaintiff taxes defendants with converting moneys or credits which as to plaintiff would constitute a chose in action. An action of conversion or ‘ ‘ trover ’ ’ does not lie to enforce a mere obligation to pay money, or for money had and received for payment of a debt. (65 C. J., Trover and Conversion, § 24.)
Accordingly, that branch of the motion seeking a dismissal of the third cause of action is granted. Such disposition renders it needless to consider the alternative phase of defendants’ motion as to the third cause of action.