401 P.2d 308

**POTOMAC INSURANCE COMPANY and Leroy J. Miller, Plaintiffs-Appellees,**

v.

**Juan B. TORRES, Defendant-Appellant.**

**No. 7633.**

Supreme Court of New Mexico.

April 19, 1965.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Menig & Sager, Albuquerque, for appellees.

NOBLE, Justice.

Benjamin Torres, an unemancipated minor under 18 years of age, stole an automobile and, in attempting to evade a police pursuit, drove at speeds in excess of 60 miles per hour on crowded business streets. During the chase, he drove the car into the rear of Dr. Miller's automobile, which was stopped at a traffic light, and damaged it to the extent of $387.46. Potomac Insurance Company, having paid for the repair of the Miller car, with the exception

of $50 which was deductible from its physical damage insurance policy, is now subrogated to Dr. Miller's cause of action. The trial court found that the damage to the Miller car was the malicious and willful act of Benjamin Torres and that at all times material he lived with his parents. Judgment was rendered against the minor and his father for these damages, and the father has appealed.

The pertinent portion of § 22–21–1 N.M. S.A. 1953, which formed the basis of the suit reads:

"* * * any person * * * shall be entitled to recover damages in an amount not to exceed five hundred dollars ($500) * * * from the * * parents of any unemancipated minor under the age of eighteen [18] years, living with the parents, who shall maliciously or wilfully damage or destroy property * * * belonging to such * * * person * * *."

It is not disputed that approximately one week prior to the date of the automobile collision, Benjamin Torres was taken to the Bernalillo County Detention Home for juveniles and thence removed to a hospital for treatment for injuries sustained. In violation of the order of the detention home, he returned to his residence upon being released from the hospital on about October 19, 1962, and remained there with his parents until October 23, 1962, when the acts complained of occurred.

This appeal presents the issue as to whether the trial court properly concluded that the Miller car was maliciously and willfully damaged by the minor while living with his parents, within the meaning of § 22–21–1, supra. The defendant contends that because the minor had been confined in the juvenile detention home; because he should have been returned to it upon release by the hospital; and because he was still under the jurisdiction of the detention home, he was not "living with his parents" within the meaning of the statute. We find the contention to be without merit.

Our statute constitutes a legislative recognition of the moral duty owed by a parent to exercise reasonable care so as to control his minor child and prevent him from maliciously or willfully damaging the property of another. This duty is imposed primarily because the parent has the ability or at least the opportunity to exercise such control, Toohey v. Colonis, 15 Conn.Sup. 299. Even though Benjamin Torres may have technically been in the control of the state, he actually resided with his parents and they were afforded the opportunity to control him. We think that he was "living with the parents" within the contemplation of the statute. Gillespie v. Gallant, 24 Conn. Sup. 357, 190 A.2d 607.

There is very little, if any, difference between "willful" and "malicious" conduct, Mills v. Glennon, 2 Idaho 105, 6 P. 116, and when § 22–21–1, supra, char-

acterizes an act as being done "willfully" or "maliciously," it denotes the intentioned doing of a harmful act without just cause or excuse or an intentional act done in utter disregard for the consequences, Voss v. American Mutual Liability Ins. Co., (Mo. App.), 341 S.W.2d 270; Cf. Longo v. Reilly, 35 N.J.Super. 405, 114 A.2d 302, and does not necessarily mean actual malice or ill will, Calvada Inc. v. Fidelity & Deposit Co. of Md., 28 Misc.2d 144, 139 N.Y.S.2d 92. Accord, Krebiozen Research Foundation v. Beacon Press, Inc., 334 Mass. 86, 134 N.E.2d 1; De Marasse v. Wolf, Sup., 140 N.Y.S.2d 235.

■ It is clear that Benjamin's act in driving at the excessive speeds in a crowded business district, in attempting to evade police pursuit, and in striking Dr. Miller's car which was stopped at a red traffic light, constituted more than mere negligence in attempting to pass, as argued by defendants, and was obviously more than a want of sound judgment. His intentional acts were done without just cause or excuse and in utter disregard for their consequences. From such conduct, the requisite malice or willfulness may be readily inferred.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.