618 P.2d 379

**Joyce LAMB, Plaintiff–Appellee,**

v.

**David RANDALL and Helen Randall, Parents of David Randall, Defendants–Appellants.**

**No. 4587.**

Court of Appeals of New Mexico.

Oct. 7, 1980.

A. Any person may recover damages not to exceed two thousand five hundred dollars ($2,500) in a civil action in a court or tribunal of competent jurisdiction from the parent, guardian or custodian of a child when the child has maliciously or willfully injured a person or damaged or destroyed property, real or personal, belonging to the person bringing the action.

The parties stipulated:

The issue to be resolved by the Court is: Does the crime of burglary, committed by a child, when the stolen items are not regained by the victim, come under the purview of § 32–1–46 N.M.S.A. (1978 Comp.) making the parents liable in damages.

The stipulation was incorrect in stating the issue as involving the crime of burglary. That crime is defined in § 30–16–3, N.M.S.A.1978 in terms of an unauthorized entry with the requisite intent. *State v. Madrid*, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972). The issue does not involve burglary, but the stealing of property, which is larceny. Section 30–16–1, N.M.S.A.1978 (Cum.Supp. 1980). The question is whether the parents of a child may be held liable under § 32–1–46(A), supra, for the child's theft of property.

*In re Appeal No. 769 September Term, 1974, Circuit Ct.*, 25 Md.App. 565, 335 A.2d 204 (1975) discussed a Maryland statute which made the parents liable for "willful or malicious destruction or theft of any property". An article beginning at 55 Iowa L.Rev. 1037 (1969–70) discusses an Iowa statute that made the parents liable "for actual damages to person or property caused by unlawful acts of such child." Section 32–1–46(A), supra, is more limited; it is not worded in terms of theft, and it is not worded in terms of actual damage or unlawful acts. Compare § 31–17–1, N.M.S. A.1978 which provides for the victim to recover "actual damages" from the criminal.

*Ross v. Souter*, 81 N.M. 181, 464 P.2d 911 (Ct.App.1970) states: "[I]n the absence of statutory law to the contrary the mere relationship of parent and child imposes no

Benjamin S. Eastburn, Hynes, Eastburn & Hale, Farmington, for defendants–appellants.

No appearance by, and no brief filed on behalf of, appellee.

OPINION

WOOD, Chief Judge.

While under the age of 18, David, with another, burglarized plaintiff's home and took "jewelry and coins of a fair value of $2,000.00". The property stolen was never recovered. Plaintiff obtained judgment against defendants, who are the parents of David, for the value of the property stolen by David. The parents appeal, asserting they were not liable under the applicable statute. We agree.

Section 32–1–46(A), N.M.S.A.1978 states:

liability upon the parent for torts of the minor child." Similarly, in the absence of statutory authority, there is no basis for holding the parents, qua parents, civilly liable for crimes of their minor child. See generally, *Parental Liability for a Child's Tortious Acts*, 81 Dick.L.Rev. 755 (1976). The only issue in this case is whether § 32–1–46(A), supra, provides such liability.

■ Section 32–1–46(A), supra, provides for the liability of parents "when the child has maliciously or willfully . . . damaged or destroyed property". It is undisputed that the property stolen by David was "pawned for money . . . but not physically mutilated or damaged." There being no evidence that the property was damaged or destroyed, the parents are not liable, under § 32–1–46(A), supra, for the value of property stolen by David.

The judgment in favor of plaintiff is reversed. The cause is remanded with instructions to enter a new judgment in favor of defendants.

IT IS SO ORDERED.

WALTERS, J., concurring.

ANDREWS, J., dissenting.

ANDREWS, Judge (dissenting).

As a general rule, statutes in derogation of the common law are to be strictly construed, see *Travelers Indem. Co. v. Brooks*, 60 Ohio App.2d 37, 395 N.E.2d 494 (1977); however, a different rule applies to remedial statutes in derogation of the common law since where a statute is both remedial and in derogation of the common law it is usual to strictly construe the question whether it modifies the common law but to liberally construe its application. *Albuquerque Hilton Inn v. Haley*, 90 N.M. 510, 565 P.2d 1027 (1977). In the absence of statutory law to the contrary the mere relationship of parent and child imposes no liability upon the parents for torts of the minor child, *Ross v. Souter*, 81 N.M. 181, 464 P.2d 911 (Ct.App. 1970). Similarly, as noted in the majority opinion, in the absence of statutory authority, there is no basis for holding parents civilly liable for crimes of their minor chil-

dren. See *The Legal Responsibility of Parents for their Children's Delinquency*, 6 Family Law Quarterly 145; Annot., *Liability for Intentional Act of Child*, 54 A.L.R.3d 974, 1023 (1973).

New Mexico, however, in response to the inadequacies of the common law approach, has adopted a parental liability statute, § 32–1–46(A), N.M.S.A.1978, intended to more fully compensate injured victims and reduce the amount of juvenile delinquency. Like statutes adopted in most other states, under the New Mexico law, the injured party need not prove parental fault, but must prove that the child committed the intentional tort. The *Iowa Parental Responsibility Act*, 55 Iowa Law Review 1037, 1039–40 (1970). Certainly, the statute should not be interpreted in a manner that will frustrate the policy goals behind its enactment. In my view the majority opinion in this case does just that.

The only issue in this case is whether § 32–1–46(A), N.M.S.A.1978, establishes parental liability when property is "stolen" by a minor child and there is no proof that the property was "damaged or destroyed." There are two approaches to this question of statutory interpretation. The first is to analyze the legislative intent, and the second is to engage in an analysis of the words "damaged or destroyed." Under either method, it is clear that the district court was correct in entering judgment against defendants. The case should be affirmed.

Our statute constitutes a legislative recognition of the moral duty owed by a parent to exercise reasonable care so as to control his child and prevent him from maliciously or willfully damaging the property of another. This duty is imposed primarily because the parent has the ability or at least the opportunity to exercise such control. *Potomac Insurance Company v. Torres*, 75 N.M. 129, 131, 401 P.2d 308 (1965).

To strictly construe § 32–1–46(A) is to ignore the explicit legislative recognition of parental duty acknowledged in *Potomac Insurance Company v. Torres, id.*, where the New Mexico Supreme Court stated that even though the child "may have technical-

ly been in the control of the state [having been confined to the juvenile detention home], it was "within the contemplation of the statute" to hold that "he actually resided with his parents and they were afforded the opportunity to control him." 75 N.M. 129 at 131, 401 P.2d 308. In my opinion, when a child has committed "theft of property" he or she is as much within the "contemplation of the statute" as when that child has "damaged or destroyed" the same property. *See Potomac Insurance Company v. Torres, id.*

While New Mexico has no case specifically defining the terms "damaged or destroyed," the word "damage" has been compared to the word "injury" in *Clark v. Cassetty,* 71 N.M. 89, 92, 376 P.2d 37 (1962):

... damage is the harm, detriment, or *loss* sustained by reason of the injury. (emphasis added.)

If property "belonging" to a person is stolen from that person, the person has suffered a "loss," his property is "damaged or destroyed," and § 32–1–46(A) is applicable. *See Adams v. State,* 95 Ga.App. 295, 97 S.E.2d 711 (1957). To hold otherwise is to restrict the scope of recovery and hinder accomplishment of the statute's compensatory goal, thereby limiting parental duty and encouraging children to engage in the "theft" of property.