637 P.2d 841

**Rose ORTEGA, Parent and natural guardian of Gilbert Ortega, a minor child, Petitioner,**

v.

**Joe MONTOYA and Mark Montoya, a minor child, Respondents.**

No. 13552.

Supreme Court of New Mexico.

Dec. 18, 1981.

Steve H. Mazer, Albuquerque, for petitioner.

Gallagher, Casados & Martin, J. E. Casados, Albuquerque, for respondents.

## OPINION

RIORDAN, Justice.

Mark Montoya (Montoya), the minor child of Joe Montoya, shot the petitioner, Gilbert Ortega (Ortega), with a BB gun causing injury to Ortega's eye.

The trial court awarded $9,178.55 in compensatory damages in favor of Ortega and against Montoya. It also found that Montoya's conduct was willful and malicious and awarded damages of $2,500 and $1,000 in attorney's fees against Montoya's father under the Parental Responsibility Statute. § 32-1-46, N.M.S.A.1978. The Court of Appeals affirmed the award entered against Montoya, but reversed the judgment as to the parental liability. We granted certiorari and reverse the Court of Appeals on the issue of parental liability.

The issue is whether there is substantial evidence to support the trial court's finding that Montoya's act was "willful" and "malicious" within the meaning of the Parental Responsibility Statute.

In *Potomac Insurance Company v. Torres*, 75 N.M. 129, 131–32, 401 P.2d 308, 309 (1965), we defined "willful" and "malicious" as used in the Parental Responsibility Statute as follows:

> There is very little, if any, difference between "willful" and "malicious" conduct, and when [the statute] characterizes an act as being done "willfully" or "mali-

ciously," it denotes the intentioned doing of a harmful act without just cause or excuse or an intentional act done in utter disregard for the consequences, and does not necessarily mean actual malice or ill will. [Citations omitted.]

There is substantial evidence in the record to support the trial court's conclusion that Montoya acted willfully and maliciously. "Substantial evidence" is that evidence which a reasonable mind might accept as adequate support for a conclusion. *Samora v. Bradford*, 81 N.M. 205, 465 P.2d 88 (Ct.App.1970). It is not our function to weigh the evidence or its credibility, and we will not substitute our judgment for that of the trial court so long as the findings are supported by substantial evidence. *Getz v. Equitable Life Assur. Soc. of U. S.*, 90 N.M. 195, 561 P.2d 468, *cert. denied*, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977).

The transcript of the trial includes testimony of two witnesses that Montoya, after threatening that he would shoot Ortega with his BB gun if Ortega did not play with him, stood on a wall and pointed the gun at Ortega before he shot the gun and hit Ortega in the eye. The fact that the defendant was only eight years old at the time of the incident does not preclude a finding of willful and malicious conduct. It cannot be said as a matter of law that a young child is incapable of willful and malicious conduct in committing an intentional tort. It is for the trier of fact to determine, based upon the child's age, experience and mental capacity, whether the child acted in a willful and malicious manner. *Cf. Phillips v. Smith*, 87 N.M. 19, 528 P.2d 663 (Ct.App.), *cert. denied*, 87 N.M. 5, 528 P.2d 649 (1974) (question of child's negligence not proper for summary judgment because of subjectivity of determination based on his age, mental capacity, and experience).

The Court of Appeals decision in favor of Joe Montoya is reversed, and the decision of the trial court is reinstated.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE and FEDERICI, JJ., concur.