645 P.2d 456

**Fred ALBER, individually, and as father and next friend of Carole Alber, a minor, Plaintiff-Appellee, Cross-Appellant,**

v.

**Monika NOLLE, Horst Nolle, and Paula Nolle, Defendants-Appellants, Cross-Appellees.**

**No. 5323.**

Court of Appeals of New Mexico.

May 4, 1982.

Elias N. Quintana, Jr., Albuquerque, for defendants-appellants, cross-appellees.

Thomas W. Derryberry, Dawe & Derryberry, P.A., Albuquerque, for plaintiff-appellee, cross-appellant.

## OPINION

WOOD, Judge.

This appeal involves the parental liability section of the Children's Code as that statute was worded in 1979. Plaintiff was awarded damages against the defendant parents. Defendants appeal and plaintiff cross appeals. We group the issues under four headings: (1) liability; (2) constitutionality; (3) damages; and (4) attorney fees.

The trial court found that on November 2, 1979, Monika Nolle violently attacked Carole Alber without provocation; Monika threw Carole to the ground, held her down, and beat her about the face and head with her fists. Substantial evidence supports this finding. Plaintiff sued the parents of Monika, both under the parental liability statute and under the common law. The trial court denied relief under the common law claim. See *Ross v. Souter*, 81 N.M. 181, 464 P.2d 911 (Ct.App.1970); *Annot.*, 54 A.L.R.3d 974 (1974). There is no appellate issue as to the common law claim. Plaintiff's recovery is based solely on the statute. See *Lamb v. Randall*, 95 N.M. 35, 618 P.2d 379 (Ct.App.1980); *Ross v. Souter*, supra.

*Liability*

The legislative approach to parental liability for damages caused by the child appears in the following statutes. Laws 1957, ch. 199; Laws 1959, ch. 237; Laws 1965, ch. 275; Laws 1972, ch. 97, § 44; Laws 1973, ch. 125; Laws 1977, ch. 76; Laws 1981, ch. 36, § 33. Generally speaking, the Legislature, in these statutes, has made recovery available to more plaintiffs, has broadened the type of damages for which there might be a recovery, and increased the amount of damages recoverable.

Monika's battery of Carole occurred in 1979; the amendment to the statute in 1981 is not applicable. When, hereinafter, we refer to the 1981 law, it is only for the purpose of illustrating legislative intent. Also, when we refer to the statute as it existed prior to the applicable statute, it is for the purpose of illustrating legislative intent.

The various amendments, repeals and re-enactments to be found in the above-cited session laws show a legislative intent to change the law. *State ex rel. Bird v. Apodaca*, 91 N.M. 279, 573 P.2d 213 (1977); *Stang v. Hertz Corporation*, 81 N.M. 69, 463 P.2d 45 (Ct.App.1969), aff'd, 81 N.M. 348, 467 P.2d 14 (1970).

The applicable statute was enacted in 1977. The portion of the statute pertinent to the liability issue is Laws 1977, ch. 76, § 1A. It reads:

A. Any person may recover damages not to exceed two thousand five hundred dollars ($2,500) in a civil action in a court or tribunal of competent jurisdiction from the parent, guardian or custodian of a child when the child has maliciously or willfully injured a person or damaged or destroyed property, real or personal, belonging to the person bringing the action.

The requirement of "malicious" or "willful" injury or damage has been a requirement since the first statute in 1957. Defendants claim that plaintiff failed to prove that Monika's battery of Carole was either malicious or willful. We disagree. The trial court found the attack was willful and malicious. Testimony describing the attack, which showed the attack was unprovoked and violent, is substantial evidence sustaining the trial court's finding. See *Ortega v. Montoya*, 97 N.M. 159, 637 P.2d

841 (1981); *Potomac Insurance Company v. Torres*, 75 N.M. 129, 401 P.2d 308 (1965).

Prior to the 1972 law, the statute required that the child be an unemancipated minor under the age of eighteen years. Age and lack of emancipation have not been specifically referred to in the statutory section imposing parental liability since enactment of the 1972 law. The absence of a specific reference did not, however, remove these two items as conditions for imposing parental liability.

The 1972 law enacted the parental liability section as a part of the Children's Code; that Code, Laws 1972, ch. 97, § 3(A), defined "child" as an individual less than eighteen years old. See §§ 32–1–3A and 32–1–46, N.M.S.A.1978 (1981 Repl.Pamph.). The undisputed evidence was that Monika reached her eighteenth birthday on December 17, 1979; thus she was a "child" under the parental liability statute when she attacked Carole.

"Emancipation as between parent and child is the severance of the parental relationship so far as legal rights and liabilities are concerned." *Fitzgerald v. Valdez*, 77 N.M. 769, 427 P.2d 655 (1967). If a child is emancipated, the parental liability statute would not apply. The trial court found that, at the time of the attack, Monika was not emancipated from her parents. Defendants do not challenge the sufficiency of the evidence to support this finding. Even if a challenge had been made, under the evidence and *Fevig v. Fevig*, 90 N.M. 51, 559 P.2d 839 (1977), the challenge would not have succeeded.

Prior to the 1965 law, for parental liability, the minor involved must have been living with the parents. The 1965 law dropped the "living with" requirement and substituted a requirement that the parents have custody and control of the minor. When the parental liability statute was enacted, in 1972, as a part of the Children's Code, the "custody and control" requirement was omitted. This omission continued until the 1981 law which restored the requirement of custody and control. See § 32–1–46, supra.

Defendants contend that they may not be held liable under the statute as it existed in 1979 in the absence of an opportunity to exercise custody and control of a minor. Defendants rely on the following from *Potomac Insurance Company v. Torres*, supra:

Our statute constitutes a legislative recognition of the moral duty owed by a parent to exercise reasonable care so as to control his minor child and prevent him from maliciously or willfully damaging the property of another. This duty is imposed primarily because the parent has the ability or at least the opportunity to exercise such control * * *.

The statute involved in *Potomac Insurance Company*, supra, was the pre-1965 statute that required the minor to be living with the parents. The context of the above quotation is that the minor was living with the parents and, thus, the parents were afforded the opportunity to control the minor. *Potomac Insurance Company*, supra, is not helpful in determining whether the statute, applicable in this case, requires the parents to have custody and control of the child before the parents may be held liable.

The legislative history answers defendants' contention. The 1965 law required the parents to have custody and control of the child. The 1972 law removed that requirement. The applicable statute does not contain the requirement. The 1981 law restored the requirement of custody and control. This history shows a legislative intent. The statute applicable to this case did not require the parents to have custody and control of the child in order to be held liable. All that was required for parental liability under the applicable statute was a child (unemancipated and under eighteen years of age) whose malicious or willful activity resulted in damage.

*Constitutionality*

Although a named defendant, Monika was not served and did not appear in the case either as a party or as a witness. The liability judgment is against the parents only. Defendants claim "the statute is un-

constitutional as applied to Horst and Paula Nolle, since there was no finding of liability on the part of Monika Nolle." Defendants argue that a finding of liability as to them, without a determination of Monika's liability, deprived them of the opportunity to present defenses such as self-defense or provocation.

Neither the statute nor the trial court barred the parents from presenting evidence that Monika's actions were neither malicious nor willful. There is no "as applied" issue concerning the presentation of evidence.

The statute does not require, as a predicate for parental liability, that the child be first found liable. The essence of this contention is that due process is violated if parents are held liable without a determination of the child's liability. Such goes to the validity of the statute. There is no "as applied" due process issue in this case independent of the claim that as "enacted" the statute violates due process.

Defendants contend the parental liability statute is unconstitutional if parents may be held liable even if they had no opportunity to control the child. We point out the factual basis for this contention and then identify and discuss the constitutional claim.

The trial court found that Monika was an habitual runaway. The testimony was that Monika had consistently run away from her parents' home for over two years before the attack on Carole. The parents, on a fairly regular basis, paid for transportation for Monika to return home, but she would not stay.

The trial court refused to find that Monika was not under the control or custody of the parents. Such a finding was unnecessary, under the statute, for the parents to be held liable. The evidence, however, was that Monika was not under the parents' control. The testimony shows that "nothing worked"—counseling, reporting Monika to juvenile authorities, time in the detention home. At one point, Monika was sent to live in the home of a psychologist; Monika ran away. A witness who ran a "crisis" home for runaway teenagers testified that Monika felt her home was too strict, that Monika wanted to come and go as she pleased. Monika moved into the home of a boyfriend in October or November, 1980, and was living there at the time of the attack on Carole. The boyfriend testified that the parents knew where Monika was living, but had no control, that Monika did what she wanted to do.

■ Under the statute, as amended in 1981, see § 32–1–46, supra, the parents would not be liable in the absence of control. The applicable statute, however, did not require control as a requisite for parental liability. The facts showing the absence of parental control raise a question as to the wisdom of the applicable statute. The wisdom of the statute, however, is not our concern; doubt as to the statute's wisdom is not pertinent in determining whether the statute is constitutional. *McGeehan v. Bunch*, 88 N.M. 308, 540 P.2d 238 (1975).

Defendants' claim is that, constitutionally, they cannot be held liable for Monika's battery of Carole because they could not control Monika. Plaintiff suggests this constitutional claim should not be considered; we consider it on the basis of the defendants' trial court contention that it was unfair to hold the parents "responsible after they have made the type of efforts that they've made in dealing with this problem."

■ Defendants contend that liability, under the statute, deprives them of equal protection of the law in that liability is imposed "solely because of their status relationship to their daughter". They do not contend that the statute applies unequally among parents of children causing malicious or willful damage, and do not suggest that parents of such children are an improper class. The statute does not deprive the parents of equal protection of the laws. See *McGeehan v. Bunch*, supra.

Defendants claim, generally, that the statute offends due process because it deprives them of property without due process of law. Defendants do not suggest that procedural due process is missing. Their

claim is that the statute deprived them of substantive due process, see *Casillas v. S. W. I. G.*, 96 N.M. 84, 628 P.2d 329 (Ct.App. 1981); their claim questions whether enactment of the statute was a proper exercise of the police power.

The Legislature is the proper branch of government to determine what should be proscribed under the police power; a statute is sustainable as a proper exercise of that power if the enactment is reasonably necessary to prevent manifest evil or reasonably necessary to preserve the public safety, or general welfare. *State v. Dennis*, 80 N.M. 262, 454 P.2d 276 (Ct.App. 1969). Property and property rights are held subject to the fair exercise of the police power. A statute enacted in the proper exercise of the police power, even though it may limit or destroy private property, is not a deprivation of property without due process of law. *New Mexico Bd. of Examiners in Optometry v. Roberts*, 70 N.M. 90, 370 P.2d 811 (1962); *State v. Town of Grants*, 66 N.M. 355, 348 P.2d 274 (1960); *Green v. Town of Gallup*, 46 N.M. 71, 120 P.2d 619 (1941); *Mitchell v. City of Roswell*, 45 N.M. 92, 111 P.2d 41 (1941).

There is no violation of substantive due process (by making the parents liable for the malicious or willful tort of Monika) if the statute imposing liability was within the scope of legislative authority (the police power), and if the statutory liability accords with the purpose of the statute. *Schware v. Board of Bar Examiners*, 60 N.M. 304, 291 P.2d 607 (1955), rev'd on other grounds, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957).

Defendants rely on *Corley v. Lewless*, 227 Ga. 745, 182 S.E.2d 766 (1971), which held the Georgia statute violated due process. The Georgia statute imposed liability upon the parents for willful and wanton acts of a minor child under the custody and control of the parents. The Georgia statute was held unconstitutional because it "seeks to provide compensation in full for property damage or for personal injury * * * solely on the basis of the parent-child relationship" even though "the parent was entirely

free from negligence or fault or even that he had no knowledge of his child's tort." *Corley*, supra, is distinguishable; our statute does not provide for unlimited liability or "full" compensation; our statute limits damage compensation to a maximum of $2,500.00.

Where the liability of the parents was limited in amount and to the child's willful or malicious activity, three states have held parental liability statutes were not violative of due process even though there was no fault on the part of the parents. *General Insurance Company of America v. Faulkner*, 259 N.C. 317, 130 S.E.2d 645 (1963), upheld a statute that required the child to be living with its parents. *Kelly v. Williams*, 346 S.W.2d 434 (Tex.Civ.App.1961), and *Mahaney v. Hunter Enterprises, Inc.*, 426 P.2d 442 (Wyo.1967), upheld statutes which imposed liability on parents whose parental custody and control had *not* been removed by court order. The statutes considered in *Kelly* and *Mahaney* closely resemble the applicable New Mexico statute. These statutes did limit liability to property damage and the New Mexico statute is not so limited; however, a distinction as to the type of *damage* recoverable is no support for the claim that *liability* imposed by statute violates substantive due process.

*General Insurance Company of America v. Faulkner*, supra, points out that parental liability statutes were enacted because of dissatisfaction with a common law rule which left an injured party with a worthless action against an insolvent minor. *Kelly v. Williams*, supra, cites 3 Vill.L.Rev. 529 (1957–58) with approval. The law review article states that civil codes of numerous countries "have always provided for parental liability for the torts of children." *Kelly*, supra, quotes the following from the law review article:

[T]he legislatures of twenty-one states [as of the date the article was written] have decided that in all fairness, it is better that the parents of these young tortfeasors be required to compensate those who are damaged, even though the parents be without fault, rather than to let the loss fall upon the innocent victims.

It was for the Legislature to decide whether parental liability legislation was reasonably necessary. *State v. Cleveland*, 47 N.M. 230, 141 P.2d 192 (1943). The legislative purpose, stated in *General Insurance Company of America v. Faulkner*, supra,

is that parental indifference and failure to supervise the activities of children is one of the major causes of juvenile delinquency; that parental liability for harm done by children will stimulate attention and supervision; and that the total effect will be a reduction in the anti-social behavior of children.

The legislative purpose stated in *Potomac Insurance Company v. Torres*, supra, is similar.

■ Parental liability under the statute accords with the legislative purpose. The Legislature could properly determine that a parental liability statute was reasonably necessary; the statute does not deprive the parents of property without due process of law.

*Damages*

The trial court found that reasonable and necessary medical and dental expenses in the amount of $1,910.88 directly and proximately resulted from Monika's battery of Carole. The judgment awards this amount to plaintiff, who sued as next friend of Carole, as well as individually. See R.Civ. Proc. 17(c), N.M.S.A.1978 (1980 Repl. Pamph.). There is no contention that plaintiff, as next friend of Carole, was an improper plaintiff. Compare *Ross v. Souter*, supra.

■ Defendants contend the evidence was insufficient to support the finding for medical and dental expenses. Defendants stipulated, in the trial court, to the amount of the expenses and that the expenses were reasonable and necessary. This stipulation "was tantamount" to proof as to the amount of the expense, and the reasonableness and necessity of the expense. *Brown v. Cory*, 77 N.M. 295, 422 P.2d 33 (1967). Accordingly, the stipulation supports the finding.

During the trial plaintiff sought to introduce evidence as to Carole's pain and suffering. The trial court excluded the evidence, ruling that damages for pain and suffering were not recoverable under the statute. Plaintiff tendered evidence that Carole experienced pain from her injuries and pain from procedures undertaken to treat her dental problem resulting from Monika's battery. The tendered evidence included testimony that Carole took medication for pain, and the length of time the pain continued. After the trial, but before entry of judgment, the trial court ruled that "the parents were responsible for those medical expenses but were not responsible for pain and suffering * * *."

Plaintiff contends the trial court erred in excluding evidence of pain and suffering, and in failing to award damages for pain and suffering.

The portion of the statute pertinent to the damages is Laws 1977, ch. 76, § 1(B). It reads:

B. Recovery of damages * * * is limited to the actual damages proved in the action, not to exceed two thousand five hundred dollars ($2,500) * * *.

*Birdsall v. Coolidge*, 93 U.S. 64, 23 L.Ed. 802 (1876), states: "Compensatory damages and actual damages mean the same thing; that is, that the damages shall be the result of the injury alleged and proved[.]" Compare *Christman v. Voyer*, 92 N.M. 772, 595 P.2d 410 (Ct.App.1979).

Damages awarded for pain and suffering are compensatory damages. U.J.I. Civil 18.7, N.M.S.A.1978 (1980 Repl.Pamph.). See *Jones v. Pollock*, 72 N.M. 315, 383 P.2d 271 (1963); *Higgins v. Hermes*, 89 N.M. 379, 552 P.2d 1227 (Ct.App.1976); *Vaca v. Whitaker*, 86 N.M. 79, 519 P.2d 315 (Ct.App. 1974).

Defendants contend that "actual damages" in the statute should be construed to exclude pain and suffering because no monetary standard can be set for pain and suffering. See *Williams v. Yellow Checker Cab Co.*, 77 N.M. 747, 427 P.2d 261 (1967). This argument fails to distinguish proof that actual damages, such as pain and suf-

fering, occurred and the amount of such damage, which depends upon proof of the amount. See *Christman v. Voyer*, supra.

█ Pain and suffering is an actual damage recoverable under the parental liability statute. The trial court erred in holding that pain and suffering could not be recovered and in excluding evidence of Carole's pain and suffering. This ruling, however, does not mean that the trial court erred in failing to award damages for pain and suffering. The trial court has not yet considered the proof as to this item of damage.

*Attorney Fees*

Laws 1977, ch. 76, § 1(B), also authorizes the trial court to award attorney fees "in the discretion of the court". The judgment transposes the amount awarded for costs and for attorney fees; the parties agree that the trial court awarded attorney fees of $350.00.

Plaintiff contends an award of $350.00 was an abuse of discretion. Plaintiff argues that the maximum recovery under the statute is so low that the services of an attorney cannot be obtained under a contingent fee contract; that the Legislature authorized an award of attorney fees to encourage suits against parents; and that the services required of an attorney in obtaining a recovery is no different than any other personal injury action. Plaintiff suggests that a trial court's award is an abuse of discretion unless the trial court considers all the elements stated in *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979). *Fryar* outlines elements to be considered for a fee award in a worker's compensation case. Plaintiff sought an award in the trial court in excess of $2,000.00, based on records of attorney time expended on the case, and asks that we instruct the trial court to award that amount as attorney fees in the trial court.

Plaintiff's reliance on worker's compensation law is not appropriate; that statute lists items that must be considered in a fee award, see § 52–1–54D, N.M.S.A.1978, and *Fryar v. Johnsen*, supra, imposed additional

items that must be considered. The parental liability statute does not list items that must be considered.

Plaintiff's argument that the attorney services required in obtaining an award against a parent is similar to the services required in other personal injury actions is not an argument for setting the award aside in this case; in the ordinary personal injury case, attorney fees are not recoverable. *Southern Union, Etc. v. Wynn Exploration*, 95 N.M. 594, 624 P.2d 536 (Ct.App. 1981).

Plaintiff's contention that absent higher fee awards, litigation under the parental liability statute is discouraged is not at all certain; plaintiff's exhibits and arguments indicate plaintiff retained counsel in this case without regard to the amount of the fee award.

The claim that the Legislature authorized a fee award to encourage suits against parents is not established by the language of the statute; the Legislature left the amount of the award to the trial court's discretion.

█ Judicial discretion is an equitable determination of what is just and proper under the circumstances; judicial discretion is abused if the action taken is arbitrary or capricious. *State v. Madrigal*, 85 N.M. 496, 513 P.2d 1278 (Ct.App.1973).

█ The time records relied on by plaintiff do not distinguish between services by the attorney in pursuing the unsuccessful common law claim and the services in connection with the parental liability statute. The trial court did not abuse its discretion in not awarding a fee on the basis of the time records. In awarding $350.00, the trial court considered the amount of the damage award, considered the parents' efforts to control Monika and that the parents should not be further punished because the efforts were unsuccessful.

Further, the trial court had personal knowledge of attorney services rendered before the court. See *Johnsen v. Fryar*, 96 N.M. 323, 630 P.2d 275 (Ct.App.1980). This

record does not show the fee award was arbitrary or capricious and, thus, does not show an abuse of discretion.

Plaintiff contends that the defendants' appeal is frivolous. We disagree. Plaintiff is not entitled to an award under § 39–3–27, N.M.S.A.1978.

Plaintiff also seeks an award for the services of his attorney on appeal. An award of attorney fees requires statutory authority. *Southern Union, Etc. v. Wynn Exploration*, supra. Attorney fees, on appeal, are expressly authorized in worker's compensation appeals, § 52–1–54D, supra, and in mechanics' lien appeals, § 48–2–14, N.M.S.A.1978. No such express authorization appears in Laws 1977, ch. 76, § 1(B), and authorization cannot be discerned from the context of that statute; the context is that the discretionary fee award is authorized only in the trial court. A fee award for this appeal not being permitted by law, R.Civ.App.Proc. 27(b), N.M.S.A.1978, does not authorize a fee award for the appeal.

The judgment imposing liability on the parents, awarding damages for medical and dental expenses in the amount of $1,910.88 and attorney fees in the amount of $350.00, is affirmed. The cause is remanded to the trial court for further proceedings on the damage claim for pain and suffering. Defendants are to bear the appellate costs.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.