806 P.2d 59

**Viola MASCARENAS, Plaintiff–Appellee and Cross–Appellant,**

v.

**Armando JARAMILLO, d/b/a Valley Enterprises, Defendant–Appellant and Cross–Appellee.**

**No. 18867.**

Supreme Court of New Mexico.

Feb. 6, 1991.

August Jonas Rane, Taos, for defendant-appellant.

Larry Van Eaton, Taos, for plaintiff-appellee.

## OPINION

FRANCHINI, Justice.

Defendant Jaramillo (Jaramillo) appeals from a judgment awarding plaintiff Mascarenas (Mascarenas) $9,124.93 in compensatory damages on claims of breach of contract, breach of implied warranty and negligence. Jaramillo raises the following issues on appeal: (1) whether the trial court erred by finding that Jaramillo was not an employee of Mascarenas; (2) whether the trial court erred by ruling that Jaramillo breached an implied warranty; and (3) whether ordering an unlicensed contractor to refund payments already received and to pay the cost of correcting his work constitutes a double recovery. Mascarenas cross-appeals, and asks us to consider whether the trial court erred by failing to award her prejudgment interest on a loan, lost rental income and all of her costs. We affirm the trial court on all issues except the issue of a refund of monies from an unlicensed contractor and the issue of prejudgment interest. We reverse and remand on these issues.

FACTS

In November 1985, the parties entered into an oral contract whereby Jaramillo, an unlicensed contractor, was to construct a trailer park on land owned by Mascarenas. Apparently, Mascarenas was aware that Jaramillo was not licensed to perform these tasks. The contract required Jaramillo to construct sewer and water lines and to perform grading, leveling, excavation and backfilling work. The parties agreed to a contract price of $4,916.53. Between December 1985 and June 1986, Mascarenas paid $4,898.00 of the contract price before completion of construction. There was no agreement between the parties regarding a specific date for completion.

Jaramillo's work did not conform to applicable governmental standards and regu-

lations, and the trailer park failed to pass an official inspection in June 1987. Mascarenas then hired four other contractors to correct the work performed by Jaramillo. The total cost of the corrective work was $7,124.93.

Mascarenas filed suit against Jaramillo on claims of breach of contract, breach of implied warranty and negligence. Jaramillo counterclaimed to recover the balance of the contract price and for defamation. After a bench trial, judgment was entered in favor of Mascarenas on all claims. She was awarded the total cost of the corrective work, $7,124.93, and a refund from Jaramillo of $2,000.00 as compensatory damages. In addition, she was awarded costs of $250.00.

DISCUSSION

I. JARAMILLO WAS NOT AN EMPLOYEE

█ The trial court found that Jaramillo was not an employee of Mascarenas. Jaramillo attacks the sufficiency of evidence upon which the finding is based, asserting that he was a wage-earning employee. If correct, he was not required to obtain a contractor's license pursuant to NMSA 1978, Section 60–13–3(D)(13) (Repl.Pamp. 1984) (employee does not need license). Essentially, Jaramillo asks us to reweigh all of the evidence presented on this issue.

█ Our purpose on appeal is to review to correct an erroneous result, *Morris v. Merchant,* 77 N.M. 411, 416, 423 P.2d 606, 609 (1967), not reweigh the evidence. *Toltec Int'l, Inc. v. Village of Ruidoso,* 95 N.M. 82, 84, 619 P.2d 186, 188 (1980). It has been firmly established in this jurisdiction that only the trier of facts may weigh the testimony, determine the credibility of witnesses, reconcile inconsistent or contradictory statements of a witness, and say where the truth lies. *Shaeffer v. Kelton,* 95 N.M. 182, 186, 619 P.2d 1226, 1230 (1980). We will not substitute our judgment of the facts for that of the trial court. *Ortega v. Montoya,* 97 N.M. 159, 161, 637 P.2d 841, 843 (1981). Our duty is to interpret the findings made to determine whether they are sufficient to support the judgment entered thereon. *Herndon v. Albu-*

*querque Pub. Schools,* 92 N.M. 635, 638, 593 P.2d 470, 473 (Ct.App.1978).

"The principal test to determine whether one is an independent contractor or an employee is whether the employer has any control over the manner in which the details of the work are to be accomplished." *Campbell v. Smith,* 68 N.M. 373, 377, 362 P.2d 523, 526 (1961). We believe the finding that Jaramillo was not an employee is supported by substantial evidence. At trial, there was evidence that Jaramillo never received an hourly wage and that he submitted neither time slips nor employee tax forms to Mascarenas. Furthermore, the evidence was uncontroverted that the work performed by Jaramillo fell within the requirements of NMSA 1978, Section 60–13–3(A) (Repl.Pamp.1984). Therefore, he was required to obtain a contractor's license.

II. IMPLIED WARRANTY

█ Jaramillo asserts that the contract at issue is a contract for services and as such the U.C.C. does not apply. Therefore, Mascarenas would have no remedy under the U.C.C. for breach of implied warranty. Upon an examination of the record, we find no reference to the U.C.C. in the trial court's findings of fact or conclusions of law. Furthermore, we have long recognized that breach of implied warranty by a tradesman to perform in a skilled and workmanlike fashion is a common-law theory of recovery in New Mexico. For instance, in *Garcia v. Color Tile Distributing Co.,* 75 N.M. 570, 573, 408 P.2d 145, 148 (1965), we recognized an implied warranty in the installation of a linoleum floor. In *Clear v. Patterson,* 80 N.M. 654, 656, 459 P.2d 358, 360 (1969), an implied warranty was found in the construction of a car-wash sump. We note that the installation of sewer pipes and septic tanks is similar in nature to the construction of a sump or bilge pit. Also, the contract between the parties did not contain language of exclusion or limitation of warranties. An appellate court will not disturb trial court findings that are supported by substantial evidence. *Cave v. Cave,* 81 N.M. 797, 799, 474 P.2d 480, 482 (1970). We hold that there

was substantial evidence to support the trial court on the issue of breach of implied warranty.

Finally, we note that the trial court concluded that Mascarenas suffered damages "[a]s a direct and proximate result of defendant's breach of contract, breach of implied warranty and/or negligence." Jaramillo does not challenge the conclusion of negligence. Thus, negligence is an independent, alternative basis upon which the judgment rests.

## III. REFUND OF PAYMENTS MADE TO UNLICENSED CONTRACTOR

■ At trial, Mascarenas sought to recover $4,898.00 that was paid to Jaramillo pursuant to their contract. She contended that under NMSA 1978, Section 60–13–30(A) (Repl.Pamp.1984), an unlicensed contractor such as Jaramillo could not bring suit to collect compensation for his work. Therefore, he may not collect for his work and must refund any money already collected. The trial court awarded a partial refund of $2,000.00. The trial court found that some of the materials used by Jaramillo could not be reused by subsequent contractors. We are unable to discern other findings or conclusions which may explain or justify the award.

Jaramillo asks us to reverse the award, asserting that an award of refund and the cost of corrective work constitutes a windfall and double recovery. This court has decided many cases involving the issue of whether an unlicensed contractor may recover for his work. However, we have never considered whether the recipient of work can recover payments made on a contract to an unlicensed contractor. Because we believe that similar policy considerations and goals apply to both issues, we reverse.

■ We long have held that Section 60–13–30(A) bars an unlicensed contractor from bringing or maintaining a suit on the contract, *Nickels v. Walker*, 74 N.M. 545, 549, 395 P.2d 679, 682 (1964); *Fischer v. Rakagis*, 59 N.M. 463, 468, 286 P.2d 312, 315 (1955), or in quantum meruit, *Campbell v. Smith*, 68 N.M. at 378, 362 P.2d at

526; *Kaiser v. Thomson*, 55 N.M. 270, 274, 232 P.2d 142, 144–45 (1951). The statute bars suits by unlicensed contractors even when they seek compensation for construction work fully and satisfactorily performed. *Triple B Corp. v. Brown & Root, Inc.*, 106 N.M. 99, 101, 739 P.2d 968, 970 (1987).

Our holding in these cases is in accordance with the policy and purpose of the Construction Industries Licensing Act (the Act), NMSA 1978, Sections 60–13–1 to 60–13–58 (Repl.Pamp.1984). Section 60–13–4 sets forth the legislative purpose of the Act:

> The purpose of the Construction Industries Licensing Act is to promote the general welfare of the people of New Mexico by providing for the protection of their lives, property and economic well-being against substandard or hazardous construction, alteration, installation, connection, demolition or repair work, and by providing protection against the fiscal irresponsibility of persons engaged in construction occupations or trades.

■ In determining legislative intent, we look not only to the language used in the statute, but also to the object sought to be accomplished and the wrong to be remedied. *Miller v. N.M. Dep't of Transp.*, 106 N.M. 253, 254, 741 P.2d 1374, 1375 (1987); *Richards v. Mountain States Mut. Casualty Co.*, 104 N.M. 47, 49, 716 P.2d 238, 240 (1986). The object sought to be accomplished by the Act is a healthy, ordered market in which consumers may contract with competent, reliable construction contractors who have passed the scrutiny of a licensing division. The wrong to be remedied is the exploitation of the public by incompetent and unscrupulous contractors who are unable or unwilling to obtain a license. In effect, the wrongs to be remedied are circumstances which permit unlicensed contractors to flourish and profit at the expense of the public. As we stated in *Peck v. Ives*, 84 N.M. 62, 66, 499 P.2d 684, 688 (1972), "The purpose of the Act is to protect the public from incompetent and irresponsible builders. This purpose should not be lost sight of."

In *Domach v. Spencer*, 101 Cal.App.3d 308, 161 Cal.Rptr. 459 (1980), the court held that a consumer could recover damages on a construction contract from an unlicensed contractor. As in the case before us, *Domach* involved an unlicensed contractor who received most or all of the contract price, and who failed to perform according to contract specifications and workmanlike standards of quality. The California statute which prohibits unlicensed contractors from using the courts to collect for their work is virtually identical to Section 60–13–30(A). The court stated:

> The bar of [the statute] applies by its terms only to the person acting in the capacity of a contractor and not to a member of the public. To apply that statute to members of the public would defeat its purpose by providing a shield from litigation for an unlicensed builder due to the fortuity that he had been paid.

*Id.*, 101 Cal.App.3d at 312, 161 Cal.Rptr. at 461–62.

■ We agree with the rationale set forth in *Domach*. We believe that allowing recovery of payments made on a contract to an unlicensed construction contractor serves and advances the purpose of the Act. The practical effect of our decision will be to further inhibit unlicensed contractors from engaging in construction work without a license. Section 60–13–30(A) prohibits an unlicensed contractor from using the courts of this state to collect compensation for his work, no matter how expertly performed. He could, however, evade the harsh consequences of Section 60–13–30(A) by collecting most or all of the contract price before significant commencement of performance. Our ruling today effectively ends this sort of practice. As a matter of public policy, an unlicensed contractor may not retain payments made pursuant to a contract which requires him to perform in violation of the Construction Industries Licensing Act. This is true even if, as here, the consumer has knowledge that the contractor is unlicensed. The public policy behind the licensing requirement of the Act is so strong that the element of consumer knowledge is of no consequence in our decision. The award of partial refund is reversed, and the cause is remanded with instructions to award Mascarenas a full refund of $4,898.00.

## IV. DAMAGES

### A. *Prejudgment Interest*

■ Mascarenas obtained a loan to finance construction of the trailer park. In her complaint, she asked for an award of prejudgment interest as consequential damages. The trial court refused a proposed finding regarding the loan, and did not award Mascarenas prejudgment interest. We reverse.

"In New Mexico, damage awards should fully compensate the injured party, whether the action is one in contract or in tort. One who fails to perform his contract is justly responsible for all of the damages flowing naturally from the breach." *Shaeffer v. Kelton*, 95 N.M. 182, 187, 619 P.2d 1226, 1231 (1980) (citations omitted). Like the factual situation in *Shaeffer*, Jaramillo's breach prevented Mascarenas from discharging a construction loan. In addition, she lost the use of the loan proceeds paid to Jaramillo. "Simple interest is allowed as a means of estimating these probable gains and as compensation for their prevention." *Id.* at 187, 619 P.2d at 1231.

This court has adopted the view of the *Restatement of Contracts* Section 337(a) (1932), which provides that if the defendant commits a breach of contract to render a performance the value of which in money is ascertainable by mathematical calculation, interest is allowed on the money value from the time performance was due. *Shaeffer*, 95 N.M. at 187, 619 P.2d at 1231; *Grynberg v. Roberts*, 102 N.M. 560, 562, 698 P.2d 430, 432 (1985); *Ranch World of New Mexico, Inc. v. Berry Land & Cattle, Inc.*, 110 N.M. 402, 404, 796 P.2d 1098, 1100 (1990). Nevertheless, we also recognize that the award should not be made "arbitrarily without regard for the equities of each particular situation." *Shaeffer*, 95 N.M. at 188, 619 P.2d at 1232.

In this case, it does not appear that the trial court weighed the equities involved. We conclude that, without findings to justi-

fy a denial of the prejudgment interest award, the denial thereof was error. We remand for a specific finding of the date of breach, and inclusion of interest within the judgment at the statutory rate calculated from the date of breach.

### B. *Rental Income*

In her requested conclusions of law, Mascarenas asserted that she is entitled to damages of $24,480.00 in lost rental income for the thirty-four months she was unable to rent spaces in the trailer park. In support of this assertion, she testified at trial that the trailer park had eight spaces which she planned to rent for $90.00 per month. She also testified that one rentpaying tenant occupied a space "for seven to nine months." No prospective tenants testified, nor did Mascarenas identify any such persons. She presented no evidence that $90.00 per month was fair rental value.

The trial court's finding of fact stated, "[l]ost rental income claimed by Plaintiff is too speculative and thus was not established by clear and convincing evidence." This is not the applicable standard by which compensatory damages must be proved. Nevertheless, we believe that this finding, when read in the context of all findings of fact and conclusions of law, is simply a statement that the trial court was not convinced by the imprecise and speculative nature of Mascarenas's evidence. Damages based on surmise, conjecture or speculation cannot be sustained. Damages must be proved with reasonable certainty. *Hebenstreit v. Atchison, T. & S.F. Ry.*, 65 N.M. 301, 336 P.2d 1057 (1959); *Sanchez v. Martinez*, 99 N.M. 66, 653 P.2d 897 (Ct. App.1982).

### C. *Costs*

Finally, Mascarenas asserts that the trial court erred by failing to award all of her costs. She submitted a cost bill of $545.00 for witness and filing fees. Although the trial court's conclusions of law awarded her costs, she was awarded only $250.00 in the judgment.

SCRA 1986, 1–054 allows costs to be awarded to the prevailing party as a matter of course. The trial court has discretion in assessing costs, and its ruling will not be disturbed on appeal unless it was an abuse of discretion. *Pioneer Sav. & Trust, F.A. v. Rue*, 109 N.M. 228, 784 P.2d 415 (1989); *South v. Lucero*, 92 N.M. 798, 804, 595 P.2d 768, 774 (Ct.App.), *cert. denied*, 92 N.M. 675, 593 P.2d 1078 (1979). Courts have discretion to award witness fees, *Prudential Insurance of America v. Anaya*, 78 N.M. 101, 107, 428 P.2d 640, 696 (1967); and filing fees, *Mantz v. Follingstad*, 84 N.M. 473, 481, 505 P.2d 68, 76 (Ct.App.1972). We find no abuse of discretion.

### CONCLUSION

We reverse the trial court's ruling on the issues of a refund from an unlicensed contractor and prejudgment interest. These issues are remanded for proceedings consistent with this opinion. All other issues are affirmed.

IT IS SO ORDERED.

RANSOM and BACA, JJ., concur.