884 P.2d 827

**Richard KREISCHER, Plaintiff–Appellant,**

v.

**Robert ARMIJO, Defendant–Appellee.**

**No. 15566.**

Court of Appeals of New Mexico.

Aug. 26, 1994.

Richard H. Miller, Santa Fe, for plaintiff-appellant.

Gilbert Houston Frith, Vickie L. Minor, The Frith Firm, Santa Fe, for defendant-appellee.

## OPINION

APODACA, Judge.

Plaintiff appeals the trial court's dismissal of his complaint against Defendant. The complaint was dismissed in a summary judgment proceeding on the basis that Defendant was not the real party in interest. Based on the allegations raised in the complaint, we

hold that the real party in interest was not Defendant individually, but Armijo Construction, Inc., a New Mexico Corporation, (the Corporation) owned by Defendant. Because Plaintiff failed to substitute the Corporation as a defendant, we affirm the trial court's order granting summary judgment. We deem it unnecessary to address Plaintiff's other issues.

## FACTS

Plaintiff and his wife contracted with the Corporation to have an addition built to Plaintiff's home. Plaintiff dealt with Defendant, who was acting as agent for the Corporation, which Defendant solely owned and of which he was president. Defendant possessed a contractor's license in his own name only; the Corporation itself did not possess such a license.

Because the construction was never completed, Plaintiff and his wife sued Defendant and two other defendants for unfair trade practices, gross negligence, and fraudulent misrepresentation. Plaintiff did not sue the Corporation, either in contract or in tort. Both parties filed motions for summary judgment. Following a hearing on the motions, the trial court denied Plaintiff's motion but granted Defendant's motion, thus dismissing all claims against Defendant with prejudice. Plaintiff's wife did not join in the appeal. Plaintiff has not appealed the earlier dismissal of the other two defendants from the lawsuit. Additional facts will be discussed as relevant to our discussion.

## DISCUSSION

The trial court and the parties framed the dispositive issue as whether Defendant or the Corporation was the real party in interest. Plaintiff's second amended complaint alleged that Defendant had committed unfair trade practices, gross negligence, and fraudulent misrepresentation. Defendant, in his motion for summary judgment, contended that he was not the real party in interest because Plaintiff's contract was formed with the Corporation. Defendant thus argued in the trial court that, as an agent for the Corporation, he was not personally liable under the contract. He makes the same argument on appeal.

■ We recognize that an agent may be held individually liable for his own tortious acts, whether or not he was acting for a disclosed principal. *See Restatement (Second) of Agency* § 348 (1958) (agent can be sued in tort for fraud and misrepresentation); *Restatement (Second) of Agency* § 350 (1958) (agent subject to liability for negligence). Thus, the initial inquiry is whether Plaintiff's causes of action sounded in contract or in tort. The distinction between tort and contract liability is often a difficult distinction. *See* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 92, at 655 (5th ed. 1984). Nonetheless, we are satisfied from our review of Plaintiff's second amended complaint that, although his causes of action are couched in tort language, the gravamen of the complaint was essentially the failure of Defendant to complete the construction work in accordance with the contract. *See id.* at 621–22 (courts must often decide on the facts pleaded the "gist" or "gravamen" of a cause of action).

■ Courts have long followed the rule that " '[t]he difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement; whereas, a tort is a violation of a duty imposed by law.' " *Tamarac Dev. Co. v. Delamater, Freund & Assoc., P.A.*, 234 Kan. 618, 675 P.2d 361, 363 (1984) (citation omitted); *see also Prosser* at 656–58 (suggesting that distinctions between tort and contract cases frequently follow seven generalizations). In this case, the essence of Plaintiff's claim of gross negligence was that construction work was performed in a grossly willful, wanton, and negligent manner that rendered the house unsafe and unusable. The obligation to properly construct the house, however, was created by the contract and was not an obligation imposed by law. The mere titling of the cause of action as one for gross negligence did not change its nature. *See New Mea Constr. Corp. v. Harper*, 203 N.J.Super. 486, 497 A.2d 534, 539 (App. Div.1985) (homeowner's complaint of negligent supervision against corporate builder's principal sounded in contract rather than tort). The court did not err in dismissing this claim.

For the same reason, Plaintiff's claims of fraudulent misrepresentation were properly denied. In each claim, Plaintiff alleged that he paid defendant certain sums of money to be used on the construction project. Defendant allegedly failed in this regard. Again, the obligation to use the money on the construction of the house was a duty imposed by the contract and not by law.

Plaintiff's Count I of the amended complaint can be viewed in a slightly different light. The allegations in this count came very close to alleging a valid non-contractual cause of action against Defendant, as an agent of the Corporation, based on the Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -21 (Repl.Pamp.1987) (the UPA). The language contained in this count alleged certain facts that, if proven, could support a cause of action for unfair and deceptive trade practice against Defendant, not the Corporation.

We therefore recognize that these allegations might support a claim that is separately actionable against Defendant. Although there is very little precedent under the UPA, Texas has enacted an act similar in language to our own, the Deceptive Trade Practices Act, Texas Bus. & Com.Code Ann. §§ 17.41 et seq. (Vernon Supp.1986). Several reported cases have been decided under Texas' act. For example, *Great Am. Homebuilders, Inc. v. Gerhart,* 708 S.W.2d 8, 10–11 (Tex.Ct.App. 1986), involved a suit under the Texas act against a corporation for failure to perform in the building of a home, and against the principal of the corporation, individually, for specific misrepresentations made in that context. These facts are very similar to the facts in this appeal. *Smith v. Baldwin,* 611 S.W.2d 611, 614 (Tex.1980), is another case involving a contract to build a house where separate allegations were maintained under Texas' act based upon specific representations of individuals. A similar case is *Light v. Wilson,* 663 S.W.2d 813, 815 (Tex.1983), in which the concurring opinion emphasized the separate liability of an agent for a statutory tort under the act. These actions existed independently of the contract and the action on the contract between the parties. *Id.; see also ALT Corp. v. Small Business Admin.,* 801 F.2d 1451, 1462–63 (5th Cir.1986) (simple actions for breach of contract not cognizable under Deceptive Trade Practices Act; allegations of a tortious nature are required).

However, we conclude that we need not address the propriety of the trial court's dismissal of Count I of Plaintiff's complaint, alleging Defendant committed unfair trade practices. First, Plaintiff did not raise or argue this particular issue in his brief in chief. *See State v. Clark,* 108 N.M. 288, 311, 772 P.2d 322, 345 (declining to review issue not raised on appeal), *cert. denied,* 493 U.S. 923, 110 S.Ct. 291, 107 L.Ed.2d 271 (1989), *overruled on other grounds by State v. Henderson,* 109 N.M. 655, 664, 789 P.2d 603, 612 (1990). Second, although Plaintiff alleged Defendant made certain misrepresentations that could be actionable under the UPA, Plaintiff neutralized this language by later alleging in the same paragraph that Defendant "abandoned the work site completely prior to completion." This quoted language poses the cause of action as one sounding in contract rather than in tort. Consequently, although we recognize that, with proper allegations and the necessary argument made first to the trial court and then to us on appeal, Plaintiff could have brought a separate cause of action under the UPA against Defendant individually, we hold that Plaintiff failed to do so in this instance.

For these reasons, we conclude that the gist of the complaint against Defendant was actually a breach of the construction contract, and consequently we do not address Defendant's potential liability for his allegedly tortious acts.

On the basis of the above discussion, we believe the issue as argued by the parties can be more precisely stated. We thus rephrase the issue before us as follows: whether the Construction Industries Licensing Act, NMSA 1978, §§ 60–13–1 to –57 (Orig.Pamp.), (the Act) allows a cause of action based on breach of contract against the individual owner of the construction license who was not a party to the contract but was acting as the agent of a corporation that was a party to the contract but did not possess a license.

Plaintiff contends that the public policy of requiring contractors to possess a valid license mandates imposition of liability on the party who possesses the license. We are not

persuaded. Although we agree that New Mexico has a strong public policy of requiring contractors to possess a license, *see Mascarenas v. Jaramillo,* 111 N.M. 410, 413, 806 P.2d 59, 62 (1991); § 60–13–4, the cases on which Plaintiff relies do not indicate that the appropriate remedy is to place liability on an individual or entity who was not a party to the contract. Rather, the plaintiff is entitled to recover all payments made to the unlicensed contractor, as well as any damages suffered, directly from the contractor. *See Mascarenas,* 111 N.M. at 414, 806 P.2d at 63; *Triple B Corp. v. Brown & Root, Inc.,* 106 N.M. 99, 101, 739 P.2d 968, 970 (1987). Additionally, the unlicensed contractor is prohibited from filing a contractor's lien or recovering payments not made. Section 60–13–30. Two other cases cited by Plaintiff, *State v. Jenkins,* 108 N.M. 669, 777 P.2d 908 (Ct.App. 1989), and *Verchinski v. Klein,* 105 N.M. 336, 732 P.2d 863 (1987), are inapplicable to the facts of this appeal. *Jenkins* involved a criminal complaint against a contractor for contracting without a license. 108 N.M. at 669, 777 P.2d at 908; *see* § 60–13–52(A). The issue addressed in *Verchinski* was whether a dealer who furnishes materials only is required to possess a contractor's license. 105 N.M. at 338, 732 P.2d at 865. Neither case involved a civil suit with facts similar to this case.

■ Because New Mexico law does not indicate whether liability for breach of contract should be imposed on an agent for a general contractor who does not possess a valid license, we look for guidance to established principles of agency law. Generally, an agent for a disclosed principal is not a party to any contract entered into on behalf of the principal. As stated in *Restatement (Second) of Agency* § 320 (1958), "[u]nless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." *See Ferrarell v. Robinson,* 11 Ariz.App. 473, 465 P.2d 610, 612 (1970); *Corps Constr. Ltd. v. Hasegawa,* 55 Haw. 474, 522 P.2d 694, 695 (1974). Plaintiff had the burden of showing that Defendant was a party to the contract. *See Restatement (Second) of Agency* § 320 cmt. b. Plaintiff admitted in the second amended complaint that the construction contract was

with the Corporation and that Defendant was acting as an agent for the Corporation. Thus, it follows that the Corporation was the party liable on the contract and, in what was basically a breach of contract suit, was the real party in interest. *Cf. Dunkelberger v. Baker,* 12 Wash.App. 917, 533 P.2d 433, 435 (1975) (shareholders of unlicensed corporate contractor properly dismissed as parties plaintiff in suit to recover moneys owed to corporation).

The Act does not alter this general rule. Plaintiff argues that, because the Act prohibits the Corporation, as an unlicensed contractor, from filing a mechanic's lien or pursuing a lawsuit to collect compensation for a construction job, *see* § 60–13–30, the Corporation cannot be the real party in interest. However, although an agent who enters into a contract on behalf of a disclosed principal that is unlicensed is subject to criminal liability, *see* § 60–13–52(A), nothing in the Act imposes *civil* liability on such an agent. We decline to read such language into the Act. *See State v. Nance,* 77 N.M. 39, 46, 419 P.2d 242, 247 (1966) (courts will not add words to a statute unless necessary to conform to obvious intent of legislature or to prevent absurdity), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

**CONCLUSION**

We hold that the Act does not alter the general rule that an agent is not liable on a contract the agent enters into on behalf of a disclosed principal, even where the principal does not possess a contractor's license and the agent does. Therefore, under the facts of this case, where the complaint essentially alleged breach of the construction contract, we conclude that the trial court did not err in dismissing the complaint. We affirm the trial court's order granting summary judgment in favor of Defendant based on the court's determination that the Corporation was the real party in interest. No costs are awarded on appeal.

**IT IS SO ORDERED.**

FLORES and BOSSON, JJ., concur.