**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

      Plaintiff,

v.

EDMOND BLYSTRA; BARBARA
BLYSTRA, individually and as parent
and natural guardian of Kevin Blystra,
a minor; and KEVIN BLYSTRA,

      Defendants-Third-Party-
      Plaintiffs-Appellants,

      v.

FARMERS INSURANCE COMPANY
OF ARIZONA,

      Third-Party-Defendant-
      Appellee.

No. 97-2067
(D.C. No. CIV-94-1030-JP)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In this appeal, we are asked to determine whether the district court erred in refusing to award prejudgment interest on the amount recovered by Edmond and Barbara Blystra, individually and as parents of Kevin Blystra (the Blystras), pursuant to a settlement with their insurance company, Farmers Insurance Company of Arizona (Farmers), under the Blystras' uninsured motorist coverage. Because we find no error in the district court's decision, we affirm.

As Kevin Blystra was walking home from school, he was shot in the leg by a pellet gun fired from a passing white pickup truck. Neither the driver nor the passenger of the truck have been identified. At the time of the shooting the Blystras held two automobile policies with State Farm Mutual Automobile Insurance Company (State Farm) and three with Farmers.[1] Each of the policies provided uninsured motorist coverage.

In response to the Blystras' demand for benefits, State Farm brought suit for a declaratory judgment with respect to its liability under the policies. The

_____

[1]     All claims against State Farm have apparently been resolved, and State Farm is not a party to this appeal.

-2-

Blystras answered and also filed a third party complaint for declaratory relief against Farmers claiming that it also was liable for uninsured motorist and medical payments benefits. All parties filed motions for summary judgment. The district court granted summary judgment to State Farm and Farmers after concluding that a drive-by shooting did not constitute an "accident" under the policies.

On appeal this court reversed, holding that Britt v. Phoenix Indem. Ins. Co., 907 P.2d 994 (N.M. 1995), decided after the district court's ruling, recognized that an intentional criminal act, such as a drive-by shooting, can be an accident for purposes of uninsured motorist coverage and that Kevin Blystra's injuries "arose out of the ownership, maintenance, or use of the uninsured vehicle" for policy purposes. State Farm Mut. Auto. Ins. Co. v. Blystra, 86 F.3d 1007, 1010-14 (10th Cir. 1996). Nevertheless, because the policies would pay benefits only if Kevin "would be legally entitled to recover damages for his injuries from the owner or operator of the uninsured motor vehicle," id. at 1014, we remanded for determination of that issue. We stated that there was a factual dispute as to whether the driver or the passenger in the white truck shot Kevin, and if the passenger shot him the owner or operator of the truck would be liable only if "the driver's role in the shooting amounted to a tort under New Mexico law." Id.

-3-

Following remand, both State Farm and Farmers settled the case by agreeing and paying the policy limits to the Blystras without prejudice to the Blystras' right to seek prejudgment interest. The district court denied the Blystras' motion for prejudgment interest. It concluded that because the Blystras' entitlement to uninsured motorist benefits remained an unresolved factual question after this court's remand neither insurer had breached any duty to pay a sum certain to the Blystras, making an award of prejudgment interest as a matter of right under N.M. Stat. Ann. § 56-8-3 inappropriate.[2] The court also declined to award interest under New Mexico's alternative interest statute, id. § 56-8-4(B).

On appeal, the Blystras argue only that they are entitled to prejudgment interest as a matter of right under § 56-8-3. We therefore limit our analysis to that statute, which provides:

> The rate of interest, in the absence of a written contract fixing a different rate, shall be not more than fifteen percent annually in the following cases:
>     A. on money due by contract;
>     B. on money received to the use of another and retained without the owner's consent expressed or implied; and
>     C. on money due upon the settlement of matured accounts from the day the balance is ascertained.

N.M. Stat. Ann. § 56-8-3.

---

[2]     New Mexico law controls the issue of whether the trial court should have awarded interest. See Moorhead v. Stearns-Roger Mfg. Co., 320 F.2d 26, 29 (10th Cir. 1963).

-4-

The payment of prejudgment interest under § 56-8-3 is intended to compensate an obligee for the lost opportunity to use his or her money between the time a claim accrues and the time of judgment. See Sunwest Bank v. Colucci, 872 P.2d 346, 350 (N.M. 1994). In O'Meara v. Commercial Ins. Co., 376 P.2d 486, 490 (N.M. 1962), the New Mexico Supreme Court declared that the statute is to be construed according to § 337 of the Restatement of Contracts which provides:

> If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:
>
> (a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.
>
> (b) Where the contract that is broken is of a kind not specified in Clause (a), interest may be allowed in the discretion of the court, if justice requires it, on the amount that would have been just compensation if it had been paid when performance was due.

Restatement (First) of Contracts § 337 (1932). Thus, the award of prejudgment interest can be made either as a matter of right under subsection (a), or at the court's discretion under subsection (b). See Sunwest Bank, 872 P.2d at 351; see also United Nuclear Corp. v. Allendale Mut. Ins. Co., 709 P.2d 649, 665 (N.M. 1985) (Bivens, C.J., concurring). The general rule in New Mexico is that

-5-

prejudgment interest as a matter of right is appropriate "only when a party has breached a duty to pay a definite sum of money or the amount due under the contract can be ascertained with reasonable certainty by a mathematical standard fixed in the contract or by established market prices." Sunwest Bank, 872 P.2d at 351 (quotation marks omitted). The parties dispute whether the settlement paid by Farmers was money due by contract for purposes of § 56-8-3, and whether, because Kevin's damages exceeded the policy limits[3] ultimately paid by both State Farm and Farmers, the amount due was readily ascertainable and fixed by contract for purposes of the Restatement. In focusing on these two issues, however, the parties lose sight of the threshold requirement of the Restatement that the defendant commit a breach of contract.

There could be no breach of the contract to pay uninsured motorists' benefits until the factual issue of liability that prompted the remand from this court was settled. This was not an obvious case of liability on the part of the insurance companies. Thus, only after a finding by the district court that the

---

[3]     The only evidence in the record related to this fact is a demand in the answer and counterclaim against defendant State Farm indicating that Kevin had sustained damages in excess of policy limits, see Appellant's App. 8, and a letter from the Blystras' attorney to the attorney for State Farm stating that Kevin's medical expenses were almost $100,000 and that some of the supporting bills were attached. See id. at 66. The attachments to that letter are not included in the record on appeal.

insurers were liable, or as here occurred the parties settled the case, would the duty to pay arise under the terms of the policies. Because Farmers promptly paid the settlement amount there was never any legal entitlement to prejudgment interest. The Restatement § 337 requires a breach of contract for either interest as a matter of law under subsection (a) or discretionary interest under subsection (b).

We note that even in instances in which prejudgment interest is awardable as a matter of right under subsection (a) of the Restatement, the trial court still has discretion to consider the equities in arriving at its decision regarding interest. See Sunwest Bank, 972 P.2d at 351-52 (holding that, absent countervailing equities, the plaintiff should have been awarded prejudgment interest as a matter of right, but remanding for consideration of those equities); Aztec Well, 853 P.2d at 737 (noting that "the award of prejudgment interest might very well be viewed as a matter of right since the amount due to each claimant was fixed and readily ascertainable," but affirming because the award of interest had not been an abuse of discretion). The Blystras point to no instances of abuse of discretion on the part of the district court or failure to consider the equities, and our review of the record reveals none. The court properly gave its reasons for its ruling as required under Sunwest Bank, 872 P.2d at 352, and Mascarenas v. Jaramillo, 806 P.2d 59, 63-64 (N.M. 1991).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge