**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROBERT ROY,**

Plaintiff-Appellee,

v.                                                                                    **NO. 29,250**

**THOMAS "CHUBBY" TAFOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Robert Roy
Taos, NM

Pro Se Appellee

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals the district court's judgment awarding Plaintiff $2,500 in compensation for damages incurred as a result of a defective roof and needed repairs. Judgment was entered on December 8, 2008. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice

with a memorandum in opposition. We have considered Defendant's arguments and remain unpersuaded. We affirm.

Defendant raises one issue on appeal, arguing that he should not be required to pay Plaintiff for work performed by an unlicensed contractor, because Plaintiff is not required to pay an unlicensed contractor and may sue the unlicensed contractor for return of the funds Plaintiff paid. [DS 3] In support of his argument, Defendant refers us to the Construction Industries Licensing Act (the Act), NMSA 1978, §§ 60-13-1-59 (1967, as amended through 2008), *Mascarenas v. Jaramillo*, 111 N.M. 410, 806 P.2d 59 (1991), and the policies we follow in New Mexico discouraging and punishing unlicensed contractors. We are not persuaded.

As we stated in our notice, Plaintiff sued Defendant for roof repairs needed as a result of the faulty work done by Defendant, repairs that Defendant refused to perform. [RP 142] In applying the Act, the Legislature and our courts have punished unlicensed construction contractors by denying them a right to bring suit for compensation and by requiring them to return any amount received for the contracting work. *See* NMSA 1978, § 60-13-30 (1977); *Mascarenas*, 111 N.M. at 414, 806 P.2d at 63. Defendant's contention that he must pay the unlicensed contractor is baseless. Defendant has been ordered to pay Plaintiff for damages resulting from Defendant's breach of his contract with Plaintiff. [RP 144] Defendant has no contractual

2

relationship with the unlicensed contractor and no basis in his contract with Plaintiff or under the Act to assert a right of recovery that may be available to Plaintiff. *See generally, Strata Prod. Co. v. Mercury Exploration Co.*, 121 N.M. 622, 916 P.2d 822 (noting that where there is no contractual relationship there is no standing to seek recovery under a contract). Defendant cannot escape his failure to repair or compensate Plaintiff to repair his faulty work by challenging the licensure of the roofer who repaired it in Defendant's stead.

Defendant contends that permitting Plaintiff to recover from him provides no deterrence to the unlicensed contractor. As Defendant recognizes, our statutes and case law are replete with punitive measures for those who engage in construction occupations or trades without the appropriate licensure. For purposes of this action, however, the other contractor's work done on the roof is relevant only to Plaintiff's measure of damages that resulted from Defendant's work.

For these reasons and those stated in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**