This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RICHARD LUJAN,**

Petitioner-Appellant,

v.                                        **No. 30,335**

**THE HONORABLE ALEX M. NARANJO and THE MAGISTRATE COURT FOR THE COUNTY OF RIO ARRIBA,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Jewell & Thompkins, P.C.
Nathaniel V. Thompkins
Santa Fe, NM

for Appellant

Gary K. King, Attorney General
P. Cholla Khoury, Assistant Attorney General
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**SUTIN, Judge.**

Following charges in magistrate court, Richard Lujan attempted to subpoena documents from police agencies and a security firm for an in camera inspection by the Magistrate Judge Alex Naranjo. The State filed a motion for a protective order and to quash the subpoenas. After Lujan filed a response, the court granted the State's motion. Naming Judge Naranjo and the magistrate court as respondents, Lujan, as petitioner, sought in the district court a writ of superintending control, a writ of prohibition, and a stay of magistrate court proceedings. The State responded and Lujan replied. At the outset of a district court hearing on Lujan's petition, respondents presented the district court with a "Notice of In Camera Inspection" issued by the respondents that same day which granted the relief Lujan sought in his petition. Lujan accepted "the [n]otice as being the relief sought in the [p]etition" and, after the district court stated that it was denying the writ, Lujan requested an award of costs. The court stated:

> I'm not even sure about the ability to assess costs to the State. I'll tell you what, I'm going to preliminarily deny them, but if you find some authority that convinces me otherwise, you can file a quick motion for reconsideration. But I don't see this as an appropriate issue given Judge Naranjo's actions to award costs in the matter.

Lujan then filed a motion for an award of costs. At a hearing on the motion, the court stated:

> Thank you. I find the following: I don't believe that this [c]ourt has the authority to assess costs against the Honorable Alex M. Naranjo

2

for exercising his judicial discretion in initially quashing the subpoenas and then subsequently agreeing to provide in[]camera review.

I don't believe this [c]ourt has the authority to assess costs against him or the [m]agistrate [c]ourt.

Without commenting on who the prevailing party was or was not, I find that the motion for costs shall be denied on that basis, that I just don't believe it would be appropriate for this [c]ourt to assess costs for his exercise of discretion in initially quashing the subpoenas and then subsequently saying okay, I will provide in[]camera review.

So on that basis[,] I am going to deny the motion. Thank you. We'll be in recess.

The court then entered an order denying the petition and costs, stating:

The [c]ourt being fully advised in the premises and having heard argument from all parties; wherefore the [c]ourt hereby FINDS AND ORDERS that [Lujan's petition is] hereby DENIED because Judge Naranjo issued a Notice of In[ C]amera Inspection on December 7, 2009[,] and [Lujan's] request for costs [is] also denied pending the submission of authority allowing this court to award costs.

The court denied Lujan's motion for reconsideration of the denial of costs. Lujan appeals the court's denial of his motion for reconsideration. We hold that the district court did not err in denying Lujan's motion for reconsideration.

**DISCUSSION**

Both parties agree that the standard of review is abuse of discretion. *Mascarenas v. Jaramillo*, 111 N.M. 410, 415, 806 P.2d 59, 64 (1991).

3

Lujan argues that he is entitled to costs, pursuant to NMSA 1978, Section 39-3-30 (1966), on the ground he was the prevailing party. This statute provides that "[i]n all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party unless the court orders otherwise for good cause shown." *Id.* Lujan faults the district court because the court failed to consider who was the prevailing party and "did not provide a 'good cause' reason in reaching [its] decision." According to Lujan, the court abused its discretion because it indicated that it did not "believe it would be appropriate . . . to assess costs for [Naranjo's] exercise of discretion in initially quashing the subpoenas" and then granting in camera review.

We cannot say that the district court's costs ruling was untenable or contrary to reason. *See State v. Woodward*, 121 N.M. 1, 4, 908 P.2d 231, 234 (1995) ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)), *abrogation on other grounds recognized by State v. Granillo-Macias*, 2008-NMCA-021, 143 N.M. 455, 176 P.3d 1187; *Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326 (Ct. App. 1993) ("When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion."). Lujan does not contend on appeal that the district court

erred in denying the petition. He contends only that the court erred in denying costs. We are not going to question the district court's discretion under these peculiar circumstances in which the respondents came into the district court agreeing to allow what Lujan had sought from the magistrate court. This was the basis on which the district court denied Lujan's petition. We hold that the district court did not err in denying Lujan costs. We further hold that Lujan is not entitled to the appeal costs he also seeks.

We see no reason to address Lujan's other points on appeal, which are that district courts have authority to award costs in the interests of justice and under the New Mexico Constitution, and that judicial immunity is not applicable. Even were there any chance that Lujan might present arguable points, our holding that the district court did not abuse its discretion would still require that we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**