This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BARBARA SHERRILL,**

Plaintiff,

and

**DEVONNA REYES,**

Plaintiff-Appellant,

v.                                      **No. 33,435**

**FARMERS INSURANCE EXCHANGE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sheri A. Raphaelson, District Judge**

O'Friel and Levy, P.C.
Daniel J. O'Friel
Pierre Levy
Aimee Bevan
Santa Fe, NM

for Appellant

Lewis Roca Rothgerber LLP
Steven J. Hulsman
Ross L. Crown
Matthew W. Park
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Plaintiff appeals the district court's order granting Defendant costs under Rule 1-054(D) NMRA.  Plaintiff argues that the district court abused its discretion in refusing to take her ability to pay the cost award into account, in awarding all joint defense costs against Plaintiff when her co-plaintiff prevailed on summary judgment, and in not carefully scrutinizing the reasonableness and necessity of certain costs in the award.  Because we agree with Plaintiff that the district court awarded Defendant costs against Plaintiff that were incurred in defense of her successful co-plaintiff's case, we conclude that the district court abused its discretion.

{2}     Because the parties are familiar with the facts and procedural history of this case, we reserve discussion of pertinent facts for our analysis.

**DISCUSSION**

{3}     Plaintiff argues that the district court abused its discretion in awarding all joint defense costs against Plaintiff although her co-plaintiff prevailed on summary judgment.  Plaintiff and co-plaintiff brought a joint lawsuit against Defendant for the loss of their employment arising from their alleged refusal to comply with illegal claims handling policies. The district court granted Defendant's motion for summary judgment against Plaintiff for her claim of constructive retaliatory discharge but

denied summary judgment against the co-plaintiff for her claim of retaliatory discharge. The district court then awarded Defendant $36,559.37 against Plaintiff for costs incurred in defending the suit. *See* Rule 1-054(D)(1). A substantial amount of these costs were in relation to expert witnesses hired by Defendant to defend both plaintiffs' similar claims. Plaintiff argues, however, that it is inequitable to impose costs against her that Defendant incurred in the defense of her co-plaintiff's case.

**Standard of Review**

{4}     A district court has discretion under Rule 1-054(D) in assessing costs, and its ruling will not be disturbed on appeal unless it was an abuse of discretion. *Mascarenas v. Jaramillo*, 1991-NMSC-014, ¶ 24, 111 N.M. 410, 806 P.2d 59. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

**The District Court's Cost Award**

{5}     Rule 1-054(D)(1) states that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs, other than attorney fees, shall be allowed to the prevailing party unless the court otherwise directs." "The language of the rule creates a presumption for an award of costs in favor of the prevailing party, and the burden is on the losing party to demonstrate circumstances that justify the reduction

or denial of costs." *May v. DCP Midstream, L.P.*, 2010-NMCA-087, ¶ 16, 148 N.M. 595, 241 P.3d 193. The losing party may overcome the presumption "by showing bad faith on [the prevailing party's] part, misconduct during the course of the litigation, that an award to [the prevailing party] would be unjust, or that other circumstances justify the denial or reduction of costs." *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 103, 134 N.M. 77, 73 P.3d 215 (internal quotation marks and citation omitted). A district court "should approach the issue of awarding costs on a case-by-case basis, based on the equities of the situation." *Marchman v. NCNB Texas Nat'l Bank*, 1995-NMSC-041, ¶ 64, 120 N.M. 74, 898 P.2d 709 (internal quotation marks and citation omitted).

{6} Based on our review of the record, we conclude that the district court abused its discretion in granting Defendant's full bill of costs against Plaintiff. While we agree with the district court that there was significant overlap between the claims filed by Plaintiff and her co-plaintiff in this case it was inevitable that in granting the full cost award that the district court ultimately taxed costs against Plaintiff that were incurred by Defendant in the defense of the successful—at least in regard to this motion for summary judgment—co-plaintiff's case.

{7} For example, the invoice for Defendant's expert witness Roger Buelow indicates significant amounts of time expended reviewing file material. As a matter of common

3

sense, some portion of that time reviewing the file was devoted to facts and circumstances relevant to the co-plaintiff. And the invoices for expert witnesses M. Brian McDonald and Rob Dietz referenced both Plaintiff and the co-plaintiff. More importantly, however, the district court wholly ignored invoices filed by expert Janet Toney which actually separated time spent reviewing Plaintiff's and the co-plaintiff's cases. Instead of only taxing costs relevant to Plaintiff, the district court awarded the full amount of Toney's expenses, including amounts specifically denoted as incurred in preparing for the co-plaintiff's case. It is inequitable to tax costs against a losing plaintiff for expenses incurred in the defense of an ultimately successful co-plaintiff's claim. Therefore, we conclude that the district court abused its discretion. *Alverson v. Harris*, 1997-NMCA-024, ¶ 25, 123 N.M. 153, 935 P.2d 1165 ("Abuse of discretion occurs when the trial court's ruling is clearly against the logic and effect of the facts and circumstances before the court." (internal quotation marks and citation omitted)).

**CONCLUSION**

{8}    For the foregoing reasons, we reverse the district court's award of Defendant's costs and remand for proceedings consistent with this Opinion.

{9}    **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

4

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**M. MONICA ZAMORA, Judge**